(January 14, 1898.)

# NORTHWESTERN AND PACIFIC HYPOTHEEK BANK v. RAUCH.

## [51 Pac. 764.]

CERTIFICATE OF ACKNOWLEDGMENT—SUBSTANTIAL COMPLIANCE WITH STATUTE ONLY REQUIRED.—A substantial and not a literal compliance with the statute in the certificate of acknowledgment to a conveyance of real estate by a married woman is all the law requires.

FORECLOSURE OF MORTGAGE—TO DISMISS THE ACTION UPON MOTION HELD ERROR.—Plaintiff commenced suit to foreclose mortgage making the mortgagors, and two others, the latter being subsequent purchasers to the mortgage, parties. The last two parties were in default. The mortgagors answered, denying the execution and the acknowledgment of the mortgage and asking affirmative relief. The proofs being in plaintiff moved to dismiss the action as to the mortgagors, waiving any claim for a deficiency judgment which motion was granted by the court. *Held,* that the action of the court was error.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

George W. Goode, for Appellants.

The certificate of acknowledgment is not in substantial compliance with sections 2921, 2922 and 2958 of the code. (*Central Land Co. v. Laidley,* 32 W. Va. 134, 25 Am. St. Rep. 797, 9 S. E. 61; 1 Am. & Eng. Ency. of Law, 2d ed., 546, 514, and notes, 512 and note 2; *Berry v. Donly,* 26 Tex. 746; 1 Am. & Eng. Ency. of Law, 1st ed., 149, and note 2; *Tolman v. Smith,* 74 Cal. 345, 16 Pac. 189; *Leonis v. Lazzarovich,* 55 Cal. 55; note to *Jordan v. Corey,* 52 Am. Dec. 519; *Mason v. Brock,* 12 Ill. 273, 52 Am. Dec. 490; *Jackson v. Torrence,* 83 Cal. 521, 23 Pac. 695.) Nothing will be presumed in favor of a certificate; it must state all the statutory requirements. (*Jacoway v. Gault,* 20 Ark. 190, 73 Am. Dec. 494; *McDaniel v. Needham,* 61 Tex. 269; *Sutton v. Pollard,* 13 Ky. Law Rep. 85, 16 S. W. 126; *Wetmore v. Laird,* 5 Biss. (U. S.) 161, Fed. Cas. No. 17,467.) The court granted plaintiff's motion and overruled appellants' objection in dismissing appellants from the case.

There can be no dismissal except that authorized by statute. The statute is code, section 4354, subdivision 1.    (6 Am. & Eng. Ency. of Pl. & Pr. 842, note 4; *Hume v. Woodruff,* 26 Or. 373, 38 Pac. 191, and cases cited therein; *Bettis v. Schreiber,* 31 Minn. 329, 17 N. W. 863; *Smith v. Sioux City etc. R. R. Co.,* 15 Neb. 584, 19 N. W. 638; *Chicago etc. R. R. Co. v. Richardson,* 28 Neb. 118, 44 N. W. 103; *Byrd v. Blessing,* 11 Ohio St. 362; *Aultman v. Reams,* 9 Neb. 487, 4 N. W. 81; *State v. Rost,* 48 La. Ann. 455, 19 South 256; *Currie v. Southern Pac. Co.,* 23 Or. 400, 31 Pac. 963; Black's Law Dictionary, 1188.)    The appellants in their answer sought affirmative relief, to wit: The cancellation of the mortgage as a cloud on the title and for $300 damages; therefore the plaintiff could not dismiss the action as to the appellants without their consent.    (*Clark v. Hundley,* 65 Cal. 96, 3 Pac. 131; *Mott v. Mott,* 82 Cal. 413, 22 Pac. 1140; *People v. Loewy,* 29 Cal. 214; *Thompson v. Spraig,* 66 Cal. 350, 5 Pac. 506; *Chicago etc. Ry. Co. v. Union Rolling Mill Co.,* 109 U. S. 715, 3 Sup. Ct. Rep. 594; 6 Am. & Eng. Ency. of Pl. & Pr. 848; *Akard v. Western Mortgage etc. Co.* (Tex.), 34 S. W. 139.)

Forney, Smith & Moore, for Respondent.

The certificate of the notary of Margaret E. Rauch's acknowledgment of the execution of the mortgage is sufficient, even if the property was the separate property of Margaret E. Rauch at that time.    (Rev. Stats., secs. 4, 2498-2960; *Schley v. Pullman Palace Car Co.,* 120 U. S. 575, 7 Sup. Ct. Rep. 730; *Belcher v. Weaver,* 46 Tex. 293, 26 Am. Rep. 267; *Shaw v. Shaw,* 15 Ky. Law Rep. 592, 24 S. W. 630; *Griffin v. Griffin,* 125 Ill. 430, 17 N. E. 783.)    The uncorroborated testimony of the grantors is not sufficient to overcome the evidence offered by the officer's certificate of the fact of acknowledgment of a conveyance of real property.    (*Chivington v. Colorado Springs Co.,* 9 Colo. 597, 14 Pac. 212; *Johnson v. Van Velsor,* 43 Mich. 208, 5 N. W. 265; *Morrison v. Porter,* 35 Minn. 425, 59 Am. Rep. 331, 29 N. W. 54; *Pierce v. Fegans,* 39 Fed. 587; *Blackman v. Hawkes,* 89 Ill. 512.)

HUSTON, J.—On .the twenty-first day of January, 1893, the defendants, A. Rauch and Margaret E. Rauch, his wife, executed and delivered to the plaintiff, through its agent at Moscow, Latah county, Idaho, two promissory notes, for the sum of $500 each. Both of said notes bore interest at the rate of ten per cent per annum, and in each was a provision for the payment of an attorney's fee of fifty dollars in case of suit thereon. At the same time said defendants executed and delivered to plaintiff, through its said agent, and for the purpose of securing the payment of said notes, a mortgage upon certain real estate, situated in Latah county, state of Idaho, for a like sum. Default having been made in the conditions of said mortgage, this suit was instituted to foreclose the same. The defendants, J. D. Hunter and Mollie Hunter, his wife, were joined as subsequent purchasers or encumbrancers, and made default. The answer of the defendants, A. Rauch and Margaret E. Rauch, denies the execution of the mortgages, denies the acknowledgment of the execution by either of them, and denies the ownership by plaintiff of the mortgage. · The answer also alleges that the real estate included in and encumbered by said mortgage was the separate property of the said Margaret E. Rauch. The execution of the promissory notes was admitted by defendants Rauch. Defendants also allege that said mortgage casts a cloud upon the title to said land described therein, and that by reason thereof the defendants have been unable to sell or dispose of the same, and have suffered damage in consequence to the amount of $300, and pray judgment for that amount, and also for a decree declaring said mortgage null and void. The case was tried before the court without a jury, and judgment rendered in favor of plaintiff for the foreclosure of the mortgage, from which judgment, and also from an order and judgment of said district court dismissing said action as to said defendants, A. Rauch and Margaret E. Rauch, this appeal is taken.

The first error assigned by appellants is the admission in evidence of a deed from defendant Rauch to J. D. Hunter, executed on the 8th of February, 1894. Defendants' objection to the introduction of this deed was based upon the ground that it was "incompetent, irrelevant and immaterial." We think

that defendants' objection was well taken, and should have been allowed. We do not see in what the relevancy, materiality or competency of this evidence consists. Plaintiff had made Hunter and his wife parties defendant in his action, and they had both defaulted. How, then, was it essential to the establishing of plaintiff's case that title should be shown in Hunter? The default of Hunter admitted that he claimed an interest in the land, but that it was subject to the mortgage of plaintiff. The admission of this evidence was error.

As appellants apparently do not insist upon the second error assigned, we pass it; simply saying that we do not consider it well taken. We think the evidence of Grierson was properly admitted.

The third assignment of error is based upon the admission in evidence of the mortgage sued upon, for the reason that the certificate of acknowledgment thereon was not in substantial compliance with sections 2921, 2922 and 2960 of the code of this state. Said certificate is as follows:

"I, L. F. Williams, a notary public in and for the said county and state, do hereby certify that on this thirtieth day of January, 1893, personally appeared before me A. Rauch and Margaret E. Rauch, his wife, to me known to be the individuals described in, and who executed, the within instrument, and acknowledged that they signed and sealed the same as their free and voluntary act and deed, for the uses and purposes therein mentioned. And I further certify that I did fully apprise the said Margaret E. Rauch, wife of the said A. Rauch, of the contents of said instrument, and of her rights thereto, and the effect of signing the same, and that she did then, freely and voluntarily, separate and apart from her said husband, sign and acknowledge said instrument. Given under my hand and official seal this thirtieth day of January, 1893.

"[Seal]     L. F. WILLIAMS,
     Notary Public."

We think this certificate is in substantial compliance with the provisions of our statutes. Section 2960 of the Revised Statutes of Idaho, is as follows:

"Territory of Idaho,   } ss.
County of ———,     }

"On this ——— day of ———, in the year of ———, before me [here insert the name and quality of the officer] personally appeared ———————, known to me (or proved to me on the oath of ————————) to be the person whose name is subscribed to the within instrument, described as a married woman, and upon an examination without the hearing of her husband, I made her acquainted with the contents of the instrument, and thereupon she acknowledged to me that she executed the same and that she does not wish to retract such execution."

The intent and purpose of the statute are to protect the rights of a married woman from the dictation or domination of the marital companion. The end sought by the law is not to enable married women, either at the suggestion or dictation of their husbands, to perpetrate a fraud, by seeking to avoid, upon a mere technicality, what was, at the time it was made, a fair and honest transaction, the benefits of which have been received and enjoyed, either directly or indirectly, by the party seeking to avoid it. The statute does not require a literal, but a substantial, compliance therewith. If the certificate shows the acknowledgment to have been the free and voluntary act of the wife, uninfluenced by fear of, or duress by, her husband, and that at the time of making the acknowledgment she was fully advised of the character of the instrument she was executing and the effect of her act, and such acknowledgment was separate and apart, and without the hearing, of her husband, we think the exigency of the law is fully met. (See *Schley v. Car Co.,* 120 U. S. 575, 7 Sup. Ct. Rep. 730; *Belcher v. Weaver,* 46 Tex. 293, 26 Am. Rep. 267, and the cases there cited.) In *Belcher v. Weaver* the court says: "The general rule upon this subject is that there must be a substantial, though not literal, compliance with the terms of the statute, and that, although words not in the statute are used in the place of others that are, or words in the statute are omitted, yet, if the meaning of the words used is the same, or they represent the same fact, or if the omission of a word or words is immaterial, or can be supplied by a reasonable and fair construction of the whole

instrument, the certificate will be held sufficient." The defendants deny the execution and acknowledgment of the mortgage by themselves, or either of them. To meet this denial, plaintiff calls one J. D. Hunter, whose name appears upon said mortgage as a witness, together with the name of L. F. Williams; the latter being the notary before whom the acknowledgment of the mortgage purports to have been taken. Hunter was a member of the firm of Hunter Bros., who were the agents of the plaintiff at the time the loan to secure which the mortgage was given was negotiated. Hunter testified that he signed his name as a witness to the signatures of the mortgagors, but, upon cross-examination, declines to swear that he saw Margaret E. Rauch sign her name to the mortgage. F. H. Grierson, a witness called by the plaintiff as an expert, testifies, after making comparison of the signatures of Margaret E. Rauch upon the notes, the execution of which was admitted by the defendants in their answer, with the signatures of Margaret E. Rauch on the mortgage and the deed to J. D. Hunter, that in his opinion "the same party made all three signatures." Except the introduction of the mortgage, this, we believe, constitutes substantially all the evidence offered by the plaintiff upon this question. The defendant A. Rauch, testifying upon the subject, says: "I signed it [the mortgage] at home about the date on the mortgage. Don't know what the date is. Mr. J. D. Hunter gave me the mortgage, and I taken it up to the house, and I sign my name there, and I left it; and I do not think, whether my wife signed it or not there. I don't know anything about her signing it. I do not know. She signed it there if she signed it at all, and then I carried it down to the office of Mr. Hunter, and he took it off to Mr. Williams, and Mr. Williams signed it there in the bank. I did go with him from his office to Mr. Williams' office. My wife was not present. Mr. Williams, the notary public, me and Mr. Hunter appeared before, did not go up to my house. I carried it down to Mr. Hunter, and Mr. Hunter and I went over to the bank, and Mr. Williams signed it, and Mr. Hunter took it, and that is the last I saw of it. . . . . My wife was sick. She was sick, and could not go down. She could not go downtown. Had not

758        Northwestern etc. Bank *v.* Rauch.    [Sup. Ct.

Opinion of the Court—Huston, J.

been all winter. . . . . Mr. Hunter and I went to the bank, and Mr. Hunter introduced me to Mr. Williams, and told him that he had an instrument there that he would like to have him take the acknowledgment of; and he just took it, and looked at it and signed his name to it; and we took it, and went back to Mr. Hunter's office. Yes; my wife's name appeared on that mortgage at that time. My wife, Margaret E. Rauch, never at any time acknowledged the execution of that mortgage to L. F. Williams, as a notary public, or to any other notary public." Margaret E. Rauch, defendant, testified: "Mr. Rauch brought the mortgage up there, and left it there [meaning the house of defendants], but there was never any notary came. I never seen any notary, and, as to the notary that signed this, I never met. Mr. Williams is a gentleman I never met. I am unacquainted with him, altogether, and I never saw no other notary. There was no acknowledgment taken before me. . . . . He [Williams] was never there (at my house), to my certain knowledge. I do not know him. I never met him." Clara E. Rauch testifies that she was taking care of her mother during the months of January and February, 1893; that her mother was sick, and confined to her bed most of the time; that her mother was unable to go downtown, and did not go; that neither L. F. Williams nor any other notary came to the house. L. F. Williams, the notary who purports to have taken the acknowledgment, was called by the defendants, and the following question was put to him: "Q. Mr. Williams, state, to the best of your knowledge, whether you was ever at the residence and home of Mr. and Mrs. Rauch, especially since the first day of January, 1893, and more particularly on the thirtieth day of January, 1893, to the best of your knowledge." To which question witness answered: "A. To the best of my knowledge, I have never been at their place of residence since they have owned the property. I was there once before they bought it, but never been on the property since they bought it, to my knowledge." This witness was not interrogated by the plaintiff's counsel, either upon direct or cross examination.

While it may be concluded to be the rule that the officer taking the acknowledgment will not be permitted to impeach or deny his own certificate, we do not find that it has ever been

held that such officer is excluded from testifying to sustain his certificate. The defendants Rauch both testify positively that Margaret E. Rauch never did acknowledge the execution of the mortgage, and not only they, but two members of the family, testify to facts strongly corroborative of the statements of defendants. The defendant, A. Rauch, testifies to the manner in which what purports to be the acknowledgment was taken. If his account was false, it could have been easily disproved by both the witnesses, J. D. Hunter and L. F. Williams, and yet no attempt in that direction was made by the plaintiff. Conceding the rule to be as claimed by respondent, that "the evidence to impeach the certificate must be clear and convincing beyond a reasonable doubt" (Am. & Eng. Ency. of Law, 2d ed., 512, and cases cited in notes), still the positive denial by the defendant Margaret E. Rauch that she ever acknowledged the execution of the mortgage, or that she knew or ever saw the notary before whom the same purports to have been taken; the fact that she was unable to leave, and had not left, her house during the months of January and February, 1893; the detailed statement of the defendant, A. Rauch, as to the manner in which the purported acknowledgment was taken (a proceeding by no means entirely without precedent); the fact that, although the notary was upon the witness-stand, the plaintiff declined to question him as to the taking of the acknowledgment—convince us, beyond the shadow of a doubt, that the statement of the defendant, A. Rauch, as to the manner of taking the acknowledgment was correct, and should obtain, as against the certificate.

The granting of the motion of plaintiff to dismiss the action as to the defendants, A. Rauch and Margaret E. Rauch, the only defendants before the court, and who had by their answer sought affirmative relief, was error. This action of the court is not supported by any authority we have been able to find, and is so repugnant to principle, besides being in derogation of the statute, that we do not feel called upon to discuss it. The judgment of the district court is reversed, and the cause remanded, with instructions to the district court to overrule the motion of plaintiff to dismiss the action as to defendants, A. Rauch and Margaret E. Rauch, and for further proceedings in accordance with this opinion.

Sullivan, C. J., and Quarles, J., concur.