(May 28, 1898.)

## CHRISTENSEN v. HOLLINGSWORTH ET UX.

[53 Pac. 271.]

On petition for rehearing. Denied.

For former opinion, see ante, p. 87, 53 Pac. 211.

Per CURIAM.—The petition for a rehearing in this case is based upon the claim that the court in its decision overlooked the contention of appellant that the certificate of acknowledgment of the mortgage was false; that no acknowledgment of said instrument was ever made by the defendant Mary E. Hollingsworth. Perhaps the conclusion of the court is not sufficiently clear in the decision filed, in that it is confined to the form of the certificate, and does not expressly pass upon the contention of appellant that no acknowledgment was ever made by the defendant Mary E. Hollingsworth. The record shows the following facts, which are practically undisputed: The mortgage was drawn by the attorney of the respondent in the presence of the defendant, A. P. Hollingsworth, and one J. I. Mitcham, the justice of the peace who certified that he took the acknowledgment of both defendants to the mortgage, and said mortgage was delivered by said attorney to either Hollingsworth or Mitcham (it does not clearly appear which), to be taken to Kendrick, and there to be executed and acknowledged and returned to said attorney. The mortgage was returned to the said attor-

ney, purporting to have been duly executed and acknowledged before the said J. I. Mitcham, justice of the peace, and the son in law of the defendant mortgagors. In the light of this record, the reiterated cry of fraud by counsel for the petitioner is not resonant of fairness, to put it very mildly.

Counsel contends that there is no conflict of evidence upon the question of taking the acknowledgment of Mary E. Hollingsworth. This contention, or rather assertion, is not correct. There is the certificate of the officer taking the acknowledgment, the verity of which can only be overcome by evidence which establishes its falsity to the satisfaction of the court beyond a reasonable doubt. Doubtless, the district court did not consider the evidence of such officer's wife and mother in law sufficient to warrant it in coming to a conclusion which would subject a man of Mr. Mitcham's standing and reputation to the penalties of section 6530 of the Revised Statutes of Idaho, as well as make him responsible in damages to the mortgagee. And we fully concur with the district court therein. Counsel, in his petition for a rehearing, devotes considerable space to what we conceive to be an uncalled for and unwarranted attack upon the counsel for respondent. This practice by counsel of making papers in an *ex parte* proceeding, or in any proceeding, for that matter, a medium of personal attack, or the airing of personal grievances, either real or imaginary, is decidedly reprehensible, and will not be tolerated by this court. Rehearing denied.