(December 7, 1898.)

## CURTIS v. BUNNELL AND ENO INVESTMENT CO.

[55 Pac. 659.]

PLEADING—PROCEDURE.—An amendment to a complaint not in matter of substance and unnecessary to be made is not required to be served upon defendant.

CERTIFICATE OF ACKNOWLEDGMENT.—A certificate of acknowledgment which substantially complies with the provisions of the statutes is sufficient. (*Hypotheek Bank v. Rauch,* 5 Idaho, 750, 51 Pac. 764; *Christenson v. Hollingsworth,* ante, p. 87, 53 Pac. 211, 271.)

(Syllabus by the court.)

APPEAL from District Court, Ada County.

J. T. Morgan and W. E. Borah, for Appellants.

The district courts and the supreme court of this state take judicial notice of their own records. (Idaho Rev. Stats., sec. 5950; Cal. Code Civ. Proc., sec. 1875.) Courts will take judicial notice whatever is established by law. (*People v. Etting,* 99 Cal. 577, 34 Pac. 237.) Matters of which the courts take judicial notice are uniform and fixed, and do not depend upon uncertain testimony. (*Hunter v. New York etc. R. R. Co.,* 116

N. Y. 615, 23 N. E. 9; *Rogers v. Cady,* 104 Cal. 288, 43 Am. St. Rep. 100, 38 Pac. 81.)    The points decided by the supreme court in the case of the Bunnell and Eno Investment Company were, that a defective certificate of acknowledgment of a married woman could be reformed by parol testimony if the proof justifies it; that the presumption is that the findings were made and filed in the absence of proof to the contrary.    (*Bunnell & Eno Inv. Co. v. Curtis,* 5 Idaho, 652, 51 Pac. 767.)    Where counsel appears expressly for certain defendants in an action, his signature to papers after that time as attorney for defendants is limited to those defendants for whom he expressly appeared.    (*Spenagel v. Delinger,* 42 Cal. 148.)    A. A. Fraser appeared for Susan L. Curtis—never for E. J. Curtis.    Service of amended complaint on attorney who has not appeared for that party is void.    (*Powers v. Braly,* 75 Cal. 237, 17 Pac. 197.)    Amended complaint must be served upon all parties.    (*Thompson v. Johnson,* 60 Cal. 292; *Vermont Loan etc. Co. v. McGregor,* 5 Idaho, 510, 51 Pac. 104.)    A defendant cannot appear in an action so as to give the court jurisdiction of his person except by answering, demurring or giving plaintiff written notice that he appears, and the service of notice of appearance must antedate or be contemporaneous with the service of papers.    (*Steinbach v. Leese,* 27 Cal. 295.)    Where there is no service of the amended complaint upon the husband in foreclosure of mortgage on separate property of the wife, the judgment is void. The husband being a necessary party, and the judgment being void as to him, it is also void as against the wife.    (*Vermont L. & T. Co. v. McGregor,* 5 Idaho, 510, 51 Pac. 104; *Lowe v. Turner,* 1 Idaho, 107.)    While the certificate of acknowledgment of Susan L. Curtis has been acknowledged by the complaint in the case of *Bunnell and Eno Investment Company v. Curtis and Curtis,* and by the district court in the judgment in the same case, and substantially by the supreme court on appeal, to be defective, it is thought best to present some authorities on precisely the same form of certificate.    In *Beck v. Soward,* 76 Cal. 527, 18 Pac. 650, 651, the supreme court of California, June 9, 1888, held this certificate to be fatally defective and under the same statute.    The same decision upon the same

form was made in 1893 in *Hutchinson v. Ainsworth,* 63 Cal. 286; *Kennedy v. Gloster,* (1892), 98 Cal. 143, 32 Pac. 941. In the case of *Hypotheek Bank v. Rauch,* 5 Idaho, 750, 51 Pac. 764, and *Christensen v. Hollingsworth,* ante, p. 87, 53 Pac. 211, the certificates of acknowledgment were materially different from the one .at bar and were properly held to be substantially sufficient.

J. H. Richards, E. J. Dockery and Wyman & Wyman, for Respondents.

The language of Freeman, section 498, which immediately follows the portion of the same section quoted by appellants' counsel: Nevertheless a decided preponderance of the decisions upon this subject declare that, notwithstanding an alleged want of service of process, a court of equity will not interfere to set aside a judgment until it appears that the result will be other or different from that already reached; or, in other words, that there was a defense to the action, either entire or partial. (*Taggart v. Wood,* 20 Iowa, 236; *Gregory v. Ford,* 14 Cal. 138, 73 Am. Dec. 639; *Crawford v. White,* 17 Iowa, 560; *State v. Knorr,* 11 Wis. 389; *State v. Hill,* 50 Ark. 458, 8 S. W. 401; *Gifford v. Morrison,* 37 Ohio St. 502, 41 Am. Rep. 537.) If stipulations are made in the presence of the court, it is immaterial whether they be oral or written, or whether they be expressed or plainly inferred from the conduct on which the opposite attorney and the court have a right to rely. (Jones on Evidence, sec. 259; *Wilson v. Spring,* 64 Ill. 14; *Loomis v. New York etc. R. Co.,* 159 Mass. 39, 34 N. E. 82.) This court has held acknowledgments practically identical with this one to be a substantial compliance with the law. (*Hypotheek Bank v. Rauch.* 5 Idaho, 750, 51 Pac. 764; *Christensen v. Hollingsworth,* ante, p. 87, 53 Pac. 211.)

HUSTON, J.—This action is brought by the plaintiffs to set aside and have declared void a judgment of foreclosure of mortgage made and entered by the district court for Ada county on April 6, 1895. The complaint set forth the execution of the notes and mortgage by the defendants Susan L. Curtis and Edward J. Curtis, her husband; that the property set forth and de-

scribed in the mortgage was at the date thereof the sole and
separate property of the said Susan L. Curtis; and avers that
said mortgage was absolutely void, and of no force and effect,
as against the said Susan L. Curtis, and as against her property
therein named. The complaint further avers: That on the
twenty-second day of December, 1894, the mortgagees in said
mortgage (defendants herein) commenced suit to foreclose said
mortgage by filing complaint against said Susan L. Curtis and
Edward J. Curtis, her husband. That said Edward J. Curtis
and Susan L. Curtis, his wife, appeared in said action, and filed
a demurrer to said complaint, on the third day of January, 1895.
That on the twenty-eighth day of January, 1895, said
Susan L. Curtis filed her separate answer to the complaint
in said action, wherein she alleges that the signing of said notes
and mortgage was an involuntary act on her part, and done
without any consideration, and that said act was done by her
under duress; denies acknowledgment of said mortgage; and
avers that said notes, though joint in form, were the individual
notes and obligations of the said Edward J. Curtis, and prays
that they may be canceled. That thereafter, on the twenty-fifth
day of February, 1895, the plaintiffs in said action (defendants
herein) filed an amended complaint in said action, alleging
therein as matter of amendment that the acknowledgment of
said mortgage by said Susan L. Curtis, a married woman, was
legally and properly made at the time it bears date, but that the
certificate of acknowledgment attached to said mortgage was de-
fective in that, by mistake or inadvertence of the officer making
the same, said certificate fails to show that upon an examination
without the hearing of her said husband the said Susan L. Cur-
tis was made acquainted with the contents of the instrument;
and prays that said certificate of acknowledgment as shown upon
said mortgage be corrected and reformed in accordance with the
facts in this case. On the twenty-fifth day of February the fol-
lowing stipulation was filed in said action:

"It is hereby stipulated and agreed by and between S. L. Tip-
ton, attorney for plaintiffs, and Alfred A. Fraser, attorney for
defendants, E. J. Curtis and Susan L. Curtis, that the amended
and supplemental complaint may be filed the same as if it were

the original complaint in the action; and the said Alfred A. Fraser, attorney for defendants, therefore waives all notice and other proceedings as to the filing of notice and affidavits in supplemental complaint.

"Signed the twenty-fifth day of February, 1895.

"ALFRED A. FRASER,
"Attorney for Defendants."

That on the twenty-fifth day of March, 1895, it was stipulated and agreed by the attorney for the plaintiffs in said action (defendants herein) that the answer of said Susan L. Curtis to the complaint in said action should stand and be considered by the court as the answer to the amended complaint therein, and that all the allegations of the said amended complaint in regard to the reformation of the certificate of acknowledgment of said mortgage therein described should be deemed specially denied by said answer. On the sixth day of April, 1895, the following stipulation was filed in said cause:

"It is hereby stipulated by and between the parties to this action and their attorneys that the court may enter judgment reforming the certificate of acknowledgment in accordance with the prayer of plaintiffs' amended complaint herein, and that judgment may be entered for the plaintiffs against the defendants, Edward J. Curtis and Susan L. Curtis, for the sum to be found due thereon, decreeing the foreclosure of the mortgage as in plaintiffs' complaint, and that a stay of execution be granted to the defendants for one year from the date of said judgment, said judgment to bear interest at the rate of eight per cent (8 per cent) per annum.

(Signed)     "S. L. TIPTON,
"Attorney for Plaintiffs.
"ALFRED A. FRASER,
"Attorney for Susan L. Curtis."

On the sixth day of April, 1895, decree of reformation and foreclosure was entered by the court in said action, and is in the words and figures following: "This cause having been this day brought on to be heard on the plaintiffs' amended complaint filed herein, and upon the answer of Susan L. Curtis thereto, and the cross-complaint of Remus Goodrich and Thomas Kitto, and

the court having heard the evidence on the part of the plaintiffs, and upon answer of Susan L. Curtis, and the court having heard the proof, and duly considered the same, in said case, and it appearing therefrom to the satisfaction of the court that the acknowledgment to said mortgage as set forth in plaintiffs' amended complaint was duly and properly taken in conformity with law, but was defectively certified, it is hereby ordered, adjudged, and decreed, that the certificate of acknowledgment as set forth in the plaintiffs' amended complaint be amended and reformed in conformity with the prayer of said amended complaint; and it is further ordered and decreed, in accordance with the stipulations of the parties filed herein, and the court having heard proofs necessary to render judgment herein, and it appears to the court from the proofs made herein that there is now due the plaintiffs from the said defendants—and thereupon the court proceeds to render judgment against said defendants for the sum of $5,251.50, to foreclose the said mortgage, to decree a sale of said premises to satisfy the same, and for a deficiency judgment for residue that might remain unpaid." The complaint sets up several causes of action, but, as they are all embodied in the specification of errors, it is not essential to repeat them here. Demurrers were interposed to the complaint of plaintiffs by all of the defendants, which demurrers were sustained by the court, and judgment of dismissal of action entered, from which judgment this appeal is taken.

The appellants set up three assignments of error: 1. That the judgment is void for uncertainty, for that the judgment is that the certificate of acknowledgment, as set forth in the plaintiffs' amended complaint, be amended and reformed in conformity with the prayer of said amended complaint. There is no amendment of the certificate of acknowledgment whatever. This contention is predicated upon the assumption that the certificate of acknowledgment was defective. Said certificate is as follows:

"State of Idaho, } ss.
County of Ada. }

"On this third day of November, A. D. one thousand eight hundred and ninety-two (1892), personally appeared before me

Jonas W. Brown, a notary public in and for said county, Susan L. Curtis and Edward J. Curtis, husband and wife, whose names are subscribed to the annexed instrument as parties thereto, personally known to me to be the same persons described in and who executed the said annexed instrument as parties thereto, and who, each of them, acknowledged to me that they, each of them, respectively, executed the same freely and voluntarily, and for the uses and purposes therein mentioned. And the said Susan L. Curtis, wife of the said Edward J. Curtis, having been by me first made acquainted with the contents of said instrument, acknowledged to me, on examination apart and without the hearing of her husband, that she executed the same freely and voluntarily, without fear or compulsion, or undue influence of her husband, and that she does not wish to retract the execution of the same. In witness whereof, I have hereunto set my hand and affixed my official seal, the day and year in this certificate first above written. My commission expires on the thirteenth day of November, 1893.

[Seal]                    "JONAS W. BROWN,
                "Notary Public, Boise City, Idaho."

We held in *Bank v. Rauch,* 5 Idaho, 150, 51 Pac. 764, and in *Christensen v. Hollingsworth,* ante, p. 87, 53 Pac. 211, 271, that such a certificate was a substantial compliance with the statute. The certificate being sufficient, no amendment of the complaint for the purpose of reforming it was necessary, and consequently it was not essential to incorporate such reformation in the decree. The trial court erred in treating the amendment as material, but such error wrought no prejudice to the defendants in that action. Under the rule laid down by the court in *Trust Co. v. McGregor,* 5 Idaho, 510, 51 Pac. 104, and in the authorities cited in that case, the amendment must be material to make service thereof necessary.

The second assignment of error is that "the judgment is void because the said complaint was amended in a material matter, and the said amended complaint was never served upon E. J. Curtis nor upon his attorney." As already stated, the amendment to the complaint was not material. Where the amendment is not material, and, *a fortiori,* where it is entirely unnecessary,

service of the amended pleading is not required. It is only where the amendment is in matter of substance that service is necessary. (*Thompson v. Johnson,* 60 Cal. 292; *Harney v. Corcoran,* 60 Cal. 314; *Brock v. Martinovich,* 55 Cal. 516.) It appears by the record that on the twenty-fifth day of February, 1895, the date of the filing of the amended complaint, E. J. Curtis and Susan L. Curtis, by Alfred A. Fraser, their attorney, entered into a stipulation to the effect that the amended and supplemental complaint may be filed the same as if it were the original complaint in the action, etc. The fact that the same attorney who appeared for E. J. Curtis and Susan L. Curtis in this stipulation had four days previous filed a separate answer in the case for said Susan L. Curtis, militates nothing against his appearance for E. J. Curtis on the 25th of February, especially when his right to so appear has never been denied or questioned. It is true, counsel for 'appellants makes the statement in his brief that "A. A. Fraser appeared for Susan L. Curtis, never for E. J. Curtis," but this statement is not only not supported by, but is directly contradited by, the record. We should hardly feel justified in even inferentially charging an attorney of this court with having appeared without authority in any case under such circumstances.

Appellants' third specification of error is:

"Because judgment cannot be rendered upon one of two joint debtors by confession of one. In such case the judgment is void as to both." We are somewhat at a loss to understand what counsel means by judgment by confession, as applied to this case. The case, as stated by the court, was heard upon complaint, answer, and proofs. It is true that upon the same day judgment was entered the parties, by their attorneys, entered into a stipulation, entirely for the benefit of the defendants, whereby plaintiffs consented to a stay of execution for one year from the date of the judgment, with interest at eight per cent per annum—two per cent less than they were entitled to under the statutes. We fail to find anything in the record that resembles "a judgment by confession." We think the order and judgment of the district court was entirely correct. Judgment of district court affirmed, with costs to respondents.

Sullivan, C. J., and Quarles, J., concur.