(No. 6273.   February 27, 1936.)

THE PACIFIC COAST JOINT STOCK LAND BANK, a Corporation, Respondent, v. THE SECURITY PRODUCTS COMPANY, a Corporation, J. E. HARRIS and EDNA M. HARRIS, His Wife, Appellants.

[55 Pac. (2d) 716.]

O. C. Hall, for Appellants.

George Donart, for Respondent.

MORGAN, J.—C. F. Johnson, to secure payment of his promissory note payable to respondent, made, executed and delivered to it a mortgage, on his farm in Twin Falls County, which was recorded in the office of the county recorder October 9, 1925. October 1, 1930, Johnson, by quitclaim deed, conveyed the farm to appellant, The Security Products Company, and, March 10, 1934, the company leased it to appellants, Harris and wife, for two years from January 1, 1935. Certain payments secured by the mortgage were not made and, as in said instrument it was agreed might be done,

respondent elected to declare the whole amount of the indebtedness to be immediately due and payable and commenced this suit against Johnson and appellants to foreclose the mortgage. Johnson failed to answer, or otherwise appear, and his default was entered. Appellants answered and a trial was had which resulted in findings of fact, conclusions of law and decree to the effect that the mortgage was prior and superior to their claims and that it be foreclosed. They appealed from the decree.

Appellants question the sufficiency of the acknowledgment of execution of the mortgage and insist it was not entitled to be recorded. They also insist that the mortgage being copied in the record book did not give them constructive notice of the encumbrance on the farm, and that it is void as against them. (*Harris v. Reed*, 21 Ida. 364, 121 Pac. 780.)

The following sections of Idaho Code Annotated are applicable:

54–805. "Before an instrument may be recorded, unless it is otherwise expressly provided, its execution must be acknowledged by the person executing it, . . . . and the acknowledgment . . . . certified in the manner prescribed by chapter 7 of this title. . . . . "

54–812. "Every conveyance of real property other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded."

54–709. "The certificate of acknowledgment, unless it is otherwise in this chapter provided, must be substantially in the following form:

"State of Idaho, county of ——, ss.

"On this —— day of ——, in the year of ——, before me (here insert the name and quality of the officer), personally appeared ——, known to me (or proved to me on the oath of ——), to be the person whose name is subscribed to the within instrument, and acknowledged to me that he (or they) executed the same."

54–715. "Officers taking and certifying acknowledgments or proof of instruments for record must authenticate their certificates by affixing thereto their signatures, followed by

the names of their offices; also their seals of office, if by the laws of the territory, state or country where the acknowledgment or proof is taken, or by authority of which they are acting, they are required to have official seals.''

The execution of the mortgage foreclosed in this suit was acknowledged before a Utah notary public, who resided in Salt Lake City, and whose certificate of acknowledgment is as follows:

STATE OF UTAH, } ss.
County of Salt Lake }

''I, the undersigned, a Notary Public in and for the State of Idaho, do hereby certify that on this 6th day of October, 1925, personally appeared before me C. F. Johnson, a widower to me known to be the individual described in and who executed the within instrument, and acknowledged that he signed and sealed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal the day and year last above written.

D. JOHN BLOEM,

SEAL (The seal contains the following: ''D. John Bloem, Notary Public State of Utah.'')

Notary Public in and for the State of Utah, Residing at Salt Lake City, Utah. My commission expires Dec. 6, 1927.''

The form of acknowledgment evidently was prepared and printed for use in Idaho and was intended to satisfy the requirements of sec. 54–709, above quoted. The words ''State of Idaho'' appeared in the form in three places. In the first and last instances ''Idaho'' was stricken out and ''Utah'' was written in its place with a pen, but in the second instance, wherein is recited ''I, the undersigned, a Notary Public in and for the State of Idaho,'' the change, by oversight and mistake, was not made.

The striking out of the word ''Idaho'' in two places where it appeared in the printed form and the writing of the word ''Utah'' in lieu thereof evidences an intention to change the form of acknowledgment so as to make it properly applicable to the use of a Utah notary public, certifying an acknowledgment in Utah, of the execution of a mortgage on land in Idaho, and the inference arising from that evidence is not

overcome by the failure to make the change in the form in another place where it should have been made. I. C. A., sec. 28–109, requires, in case of conflict between written and printed matter in a contract, that the written part shall control, and that is a rule of law applicable to written instruments, generally, in the absence of a statute governing the subject. The state of Bloem's residence and his official capacity therein are also shown by the recitations in, and which are a part of his notarial seal.

The clerical error above pointed out does not vitiate the certificate which, when read in its entirety, shows the acknowledgment was taken in Salt Lake County, Utah, by D. John Bloem, a notary public in and for that state. It is said in *Carpenter v. Dexter,* 8 Wall. (U. S.) 513, 19 L. ed. 426, at 429:

"In aid of the certificate reference may be had to the instrument itself, or to any part of it. It is the policy of the law to uphold certificates when substance is found, and not to suffer conveyances, or the proof of them, to be defeated by technical or unsubstantial objections."

See, also, *Hughes v. Wright & Vaughan,* 100 Tex. 511, 101 S. W. 789, 123 Am. St. 827, 11 L. R. A., N. S., 643; *McCardia v. Billings,* 10 N. D. 587, 87 N. W. 1008, 88 Am. St. 729.

While the certificate of acknowledgment of the execution of this mortgage does not literally follow the form contained in sec. 54–709, above quoted, it is a substantial compliance therewith. It is therein certified that Johnson, known to the certifying officer to be the individual described in and who executed the mortgage, personally appeared before said officer, on October 6, 1925, "and acknowledged that he signed and sealed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned." The statutory form is to the effect that on the date named in the certificate there personally appeared before the certifying officer the person whose name is subscribed to the instrument and acknowledged to said officer that he executed the same. The acknowledgment that he signed and sealed the instrument as his free and voluntary act and deed for the uses and purposes therein mentioned was an acknowledgment of the facts from which is drawn the conclusion stated in the statutory form, to wit, that he acknowledged he executed the same.

A substantial compliance with the form set out in sec. 54–709 is all that is required by the express provision thereof, and such a compliance has been held by this court to be sufficient. (*Northwestern etc. Bank v. Rauch,* 5 Ida. 752, 51 Pac. 764; *Christensen v. Hollingsworth,* 6 Ida. 87, 53 Pac. 211, 96 Am. St. 256 (on rehearing, 6 Ida. 94, 53 Pac. 271); *Jaeckel v. Pease,* 6 Ida. 131, 53 Pac. 399; *Curtis v. Bunnell etc. Co.,* 6 Ida. 298, 55 Pac. 659.)

As we understand appellants' brief and argument they question the corporate existence of respondent, and also urge that, in making the loan here under consideration, it acted in excess of its corporate powers. These contentions are based on the fact that in its charter is expressed an authorization to transact business in Utah, wherein it has its principal office, and also in Idaho.

Appellants insist this authorization is in excess of, and violates, U. S. C. A., tit. 12, sec. 818, wherein it is provided:

"That no loans shall be made which are not secured by first mortgages on farm lands within the State in which such joint-stock land bank has its principal office, or within some one State contiguous to such State."

The contention, as we understand it, is that the law above quoted grants the bank authority to make loans secured by first mortgages in the state in which it has its principal office, or in a state contiguous thereto, but not in both.

Assuming this point is properly presented by a party having legal capacity to urge it, which we do not decide (*Fairview Investment Co. v. Lamberson,* 25 Ida. 72, 136 Pac. 606), the contention is without merit. The language of the statute is incapable of the construction sought to be placed on it.

Respondent, asserting the insufficiency of its security and that the mortgaged property was not being properly cared for, applied for the appointment of a receiver. The appointment of a receiver in mortgage foreclosure, where the conditions of the mortgage have not been performed and the security is probably insufficient to discharge the debt, is provided for in I. C. A., sec. 6–601. Evidence was introduced on behalf of both parties as to the value of the security and as to whether or not it was being properly cared for.

The evidence is conflicting, but is sufficient to sustain the decision of the trial judge that a receiver should be appointed.

During the trial respondent asked for, and was granted, permission to amend its complaint so as to show the execution of the note and mortgage in Utah. Appellants asked for a continuance in order to give them time to procure the deposition of the mortgagor to meet the amended allegation, and they complain of the refusal to grant it. In response to the application counsel for respondent inquired what appellants' attorney expected to prove by the witness whose deposition he proposed to take, to which he replied: "I expect to prove that (the mortgage) was never acknowledged in the State of Utah," to which counsel for respondent said: "We will stipulate with you, if your witness was here he would testify to that." In addition to the deposition of the mortgagor, which was rendered unnecessary by the admission of respondent's attorney, counsel for appellants stated he desired to take the deposition of a witness who had appraised the mortgaged land for the purpose of ascertaining its value as security for the loan. There was no showing made that he knew who the appraiser was, where he might be found, what he would testify to if found, what effort, if any, had been made to produce him at the trial, or that appellants would be unable to establish the fact sought to be proved by him by another witness.

An application for continuance is addressed to the discretion of the trial judge and an order disposing of it will not be disturbed in the absence of abuse of discretion. (*Corey v. Blackwell Lumber Co.*, 27 Ida. 460, 149 Pac. 510; *Berlin Machine Works v. Dehlbom Lumber Co.*, 32 Ida. 566, 186 Pac. 513.) In this case there was no abuse of discretion.

The mortgage provided for the payment of a reasonable attorney's fee by the mortgagor for plaintiff's attorney, in the event of foreclosure and, proof having been made of the reasonableness of the fee claimed and that any fee allowed would be paid to respondent's attorney, the court allowed the fee to be included in the amount recovered. Appellants contend the evidence is insufficient to sustain this allowance, because no testimony was offered that respondent had agreed to pay the fee. That agreement is to be inferred from the performance of the service in the foreclosure suit

by respondent's attorney, and from the established fact that any attorney's fee allowed would be paid to him.

The decree is affirmed. Costs are awarded to respondent.

Givens, C. J., and Budge, Holden and Ailshie, JJ., concur.