692 P.2d 355

In the Matter of NEW CONCEPT
REALTY & DEVELOPMENT,
INC., Debtor.

BENJAMIN FRANKLIN SAVINGS &
LOAN ASSOCIATION,
Plaintiff-Appellant,

v.

NEW CONCEPT REALTY & DEVELOP-
MENT, INC., and L.D. Fitzgerald, as,
and only as, Trustee, Defendants-Re-
spondents.

No. 15622.

Supreme Court of Idaho.

Dec. 3, 1984.

James R. Gillespie, and Howard W. Cars-
man, of Eberle, Berlin, Kading, Turnbow &
Gillespie, Chartered, Larry E. Prince, of
Langroise, Sullivan & Smylie, Boise, for
plaintiff-appellant, Benjamin Franklin Sav-
ings & Loan Association.

Jim D. Pappas, of Green, Service, Gasser & Kerl, Pocatello, for defendant-respondent, L.D. Fitzgerald.

John A. Ferebauer, Idaho Falls, for the defendants-respondents, New Concept.

DONALDSON, Chief Justice.

Benjamin Franklin Savings & Loan filed a complaint in bankruptcy court seeking to foreclose a deed of trust on debtor's real property. The deed of trust had been executed by debtor's predecessors in interest, in favor of Benjamin Franklin's predecessor in interest. It was recorded in the Bonneville County Recorder's Office on September 19, 1979, as Instrument No. 572664. The Trustee's answer alleged that the deed of trust was void because the certificate of acknowledgment did not substantially comply with the requirements of I.C. § 55–710.[1] Specifically, the Trustee argued that the certificate did not adequately demonstrate that the notary knew the identities of the persons who appeared before him.

The Certificate of Acknowledgment read as follows:

"STATE OF IDAHO } ss. September 19, 1979
County of Bonneville

"Personally appeared the above named <u>W. DUANE CROOK, WENDY M. CROOK, PAUL S. YELA & JUDY L. YELA</u> and acknowledged the foregoing instrument to be their voluntary act and deed. Before me the undersigned.

"/s/ STANLEY E. GAGNON
"Notary Public for Idaho
"My commission expires: <u>Life</u>"

Debtor's Trustee and Benjamin Franklin filed cross-motions for summary judgment on the issue of the validity of the deed of trust. Benjamin Franklin accompanied its motion with an affidavit from Stanley E. Gagnon, the notary who executed the ac-

knowledgment, averring that the persons who had executed the deed had personally appeared before him on September 19, 1979, and that each of them had been personally known to him.

The bankruptcy court granted the Trustee's motion for summary judgment holding that the certificate of acknowledgment was insufficient as a matter of law. The United States District Court affirmed.

Benjamin Franklin appealed to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit determined that the case turned on an issue of Idaho law for which there was no controlling Idaho precedent and certified a question of law to this Court.

The question for our determination is whether the acknowledgment and recording of the deed of trust was sufficient to impart constructive notice to the Trustee.

In taking an acknowledgment a notary properly discharges his duty only when the persons executing the acknowledgment personally appear before him, and when the notary personally knows, or has proven to him, that those individuals are the same individuals who are described in, and who executed, the instrument. I.C. § 55–707; *Farm Bureau Fin. Co., Inc. v. Carney*, 100 Idaho 745, 750, 605 P.2d 509, 514 (1980). In Idaho, as in most states, there exists a presumption of regularity as to the official acts performed by public officers. *Farm Bureau, supra* at 750, 605 P.2d at 514. A notary public is a bonded public officer appointed by the Governor. I.C. § 51–101. Notaries are empowered to take acknowledgments and to give certificates of proof thereof. I.C. § 51–104(2). Thus, we begin with a presumption that the deed of trust was validly acknowledged.

1. "**55–710. Form of certificate.**—The certificate of acknowledgment, unless it is otherwise in this chapter provided, must be substantially in the following form:

"State of Idaho, county of _____, ss. On this ____ day of ____, in the year of ____, before me (here insert the name and

quality of the officer), personally appeared _____, known or identified to me (or proved to me on the oath of _____), to be the person whose name is subscribed to the within instrument, and acknowledged to me that he (or they) executed the same."

██ The record in this case supports this presumption. The certificate states that the grantors personally appeared before the notary and acknowledged their execution of the deed of trust. The notary's affidavit establishes that he knew the signors to be the people who executed the deed. While it is true that the certificate does not contain the words "known or identified to me (or proved to me on the oath of _____), to be person whose name is subscribed to the within instrument," I.C. § 55–710, strict compliance with the statutory form is not required. I.C. §§ 55–709, –710. The statute provides, and our previous cases have held that substantial compliance with the statutory requirements is sufficient. *Farm Bureau, supra* at 749, 605 P.2d at 513; *Pacific Coast Joint Stock Land Bank v. Security Prods. Co.,* 56 Idaho 436, 55 P.2d 716 (1936); *Curtis v. Bunnell & Eno Inv. Co.,* 6 Idaho 298, 55 P. 659 (1898); *Northwestern & Pacific Hypotheek Bank v. Rauch,* 5 Idaho 752, 51 P. 764 (1898). The general view is in accord. *See* Annot., 25 A.L.R.2d 1124 (1952), and cases cited therein. As we stated in *Farm Bureau:*

> "We believe that the manifest intent of the legislature in requiring a notary public to execute a certificate of acknowledgment is to provide protection against the recording of false instruments. The *sine qua non* of this statutory requirement is the involvement of the notary, a public officer in a position of public trust. If the notary faithfully carries out his statutory duties, it makes little difference whether he remembers to fill in the blanks in the certificate. Similarly, if the notary conspires with a forger, or fails to require the personal appearance of the acknowledger, or is negligent in ascertaining the identity of the acknowledger, the statutory scheme is frustrated whether the form is completely filled in or not."

The record in this case discloses that the notary did in fact know that the persons who executed the certificate of acknowledgment were the same persons who executed the written instrument. For us to hold that the acknowledgment was ineffective to impart constructive notice of the deed of trust would be to exalt form over substance. This we decline to do. We hold that under Idaho law the acknowledgment was sufficient to impart constructive notice to the Trustee.

SHEPARD, BAKES, BISTLINE and HUNTLEY, JJ., concur.

BISTLINE, Justice, specially concurring.

Key language in I.C. § 55–710 is that the certificate of acknowledgement must be *substantially* in the form there set out. While the form contains language which requires the *oath* of someone to prove that the person acknowledging is the person whose name is subscribed, the language of I.C. § 55–707 also speaks of an *affirmation* as well as an oath. Moreover, I.C. § 55–707 also requires that the swearing or affirming witness be proven by a credible person—no requirement of satisfactory evidence from a credible witness being incorporated into the § 55–710 form. Section 55–710 simply provides a form. Section 55–707 is a statute of substance and actually prohibits a notary from taking an acknowledgement without complying with its requirements. Substance, of course, prevails over form. Moreover, the main consideration has been the requirement of the personal appearance of the party or parties before the official taking the acknowledgement. *Little v. Bergdahl Oil Co.,* 60 Idaho 662, 95 P.2d 833 (1939).

The form of acknowledgement here in controversy, under the hand and seal of the notary, evidences a personal appearance before the notary and evidences that the parties appearing "acknowledged the foregoing instrument to be their voluntary act and deed"—the act and deed obviously being the execution of the instrument. It is not readily seen how the notary could have not been in compliance with I.C. § 55–707 in certifying that the parties signatory appeared before him unless he knew them or unless they were proved to be who they

said they were and were in fact the parties signatory.

The instrument in question *was* recorded. The argument as I understand it—an argument to which I was sometimes exposed by J. L. Eberle, now deceased, an illustrious authority in the pertinent field, is that because of the alleged faulty acknowledgement, it was not entitled to be recorded—from which by application of a fiction it is then said in the eyes of the law not to have been recorded. It is I.C. § 55–805 which requires acknowledgement by the person executing a document as a prerequisite to recording. It does not require a perfect acknowledgement. It does not declare that a less than perfect acknowledgement nullifies the constructive notice which flows from recording. This Court over 70 years ago in *Harris v. Reed*, 21 Idaho 364, 121 P. 780 (1912), accepting authority from other jurisdictions, held that "The recording of an instrument which is not entitled under the statute to be recorded cannot import constructive notice to anyone." 21 Idaho at 370, 121 P. at 782. Such to my mind ignored reality. What has been recorded has been recorded; what is seen of record is seen of record. Where I.C. § 55–805 does not deal with imperfect acknowledgments, and where we all know that county recorders and their deputies will record documents with acknowledgments bearing the seal and signature of a notary, there is no reason for not overruling *Harris* and any cases which adopted that holding. It was upon that case the United States District Judge relied in ruling for the Trustee.

Finding an opportune interval, I thought it might be wise to examine the California cases relied upon by the 1912 Court in *Harris*, a practice which I recommend to the bench and bar alike, and especially so where for reasons stated over the years this Court has heavily yielded to California precedent in cases of first impression—which *Harris* surely was. The first case cited, *Lee v. Murphy*, 119 Cal. 364, 51 P. 549, was vintage of 1897. It is important for two reasons. The first is that it was not a defective acknowledgment, such as is allegedly the case before us, but a case of a constructively fraudulent acknowledgment. The facts of *Lee* are as stated in the opinion:

CHIPMAN, C. On March 11, 1892, the defendant M.E. Murphy executed a promissory note for $1,400 to W.H. Lee, plaintiff's testator (and husband), and on the same date he executed a mortgage on the premises described in the complaint to said Lee, to secure the payment of said note. The mortgage was acknowledged by Murphy before Lee, the mortgagee, and the name of the mortgagee given in the mortgage and the name of the notary were identical.

. . . .

The mortgage, however, is before us, having been offered by plaintiff and admitted by the court; and the facts was also shown that the mortgagee, W.H. Lee, now deceased, was the notary before whom it was acknowledged. There is no evidence, however, that defendant Rachel Murphy knew that it was acknowledged before the mortgagee, except such as would be imparted by the identity of the name of the notary and the mortgagee; but there is evidence, and the court so found, tending to show that she had actual knowledge of the mortgage prior to filing her homestead.

This brings us to consider defendants' points: (1) That the mortgage upon its face shows it was acknowledged by the mortgagee; (2) that, therefore, the mortgage was not entitled to record, and is to be deemed not recorded; and (3) that actual knowledge of the mortgage by appellant would not prevent her from filing a homestead that would have priority over the mortgage.

1. Does the identity of the name with that of the mortgagee raise the presumption of the identity of person? Section 1963, subd. 25. Code Civ.Proc., declares that certain presumptions are satisfactory, if uncontradicted, and, among them, "identity of person from identity of name."

*Lee, supra*, 51 P. at 549–50.

The holding in that case was a straightforward resolution of the issue:

2. I am not aware of any statute law in this state prohibiting a notary from taking the acknowledgment of a conveyance of property in which he has an interest. We must therefore resort to the general law upon that subject, and it is uniform that no such thing can be legally done. Mr. Justice Temple said in *Bank v. Rosenthal,* 99 Cal. 39, 31 Pac. 849, and 33 Pac. 732: "Where the only effect of the acknowledgment is to impart notice by recording the deed, it would seem that, to be void, it must appear on the face of the instrument." We have seen that the identity of the name of the mortgagee and the notary in the case before us raised the presumption of identity of person, and did therefore appear on the face of the mortgage. It was further said in the case last referred to: "It has been held that an acknowledgment before the grantee of a deed is void." I have examined a great number of cases upon this point, and find no disagreement.

*Lee, supra,* 51 P. at 551.

The California court relied considerably upon an earlier Iowa case, *Wilson v. Traer & Co.,* 20 Iowa 231 (1866), also cited as authority in *Harris:*

"It might, with some show of reason, be claimed that since the acknowledgment is regular in form, and identity of the grantee with the officers taking it being always a matter to be shown aliunde, * * the better rule would be to hold the record regular and imparting notice, and leave to third parties the right to avoid both the record and instrument by showing fraud in fact, if any existed. But a more critical examination of the question will show that such a rule would leave a broad door open to the perpetration of frauds, and tend greatly to unsettle the verity of our public records, and defeat the purposes of our registration laws. It is always within the power of parties to secure a disinterested officer to take an acknowledgment, and it is certainly no hardship to require them to do so. There is no reason why the fundamental rule which prohibits a person from being a judge in his own case, or an executive officer in his own behalf, should not apply to this class of executive, semi-judicial duties. To hold that a party beneficially interested in an instrument is incapable of taking or certifying an acknowledgment of it cannot work any possible injury to any one, while it will keep closed a door of temptation, at least, to fraud and oppression." And it was held that "the acknowledgment was void, and did not authorize the record of the instrument, and, as a consequence, such record did not impart any notice to third persons of the mortgagee's right under it; but, as between the parties to it, the mortgage is in full force and of binding efficacy."

*Lee, supra,* 51 P. at 551.

As I mentioned, the case contains a second important proposition, and that is the presumption of identity. In reaching the issue of invalidity the California court of a necessity had to first conclude that the named grantee, W.H. Lee, was one and the same person as W.H. Lee, the named notary who acknowledged the grantor's signature. As shown in the excerpt above, and there being no evidence to the contrary, the court ruled "that the identity of the name of the mortgagee and the notary in the case before us raised the presumption of identity of the person, and did therefore appear on the face of the mortgage," *Lee, supra,* 51 P. at 551. This presumption appears to be a general principle of law, even without statute, a likely presumption being that the statute was but embodiment of existing law. As stated in 65 C.J.S. *Names,* § 15, p. 41, **"In general, identity of names raises a rebuttable presumption or inference of identity of person, or is presumptive or prima facie evidence thereof."** It would seem to me that the presumption, while not an overwhelmingly strong one, and certainly rebuttable in cases of fraud or constructive fraud, bolsters the conclusion that the identity of the signers in the case before us coincides with the names of the persons the

notary declared to have personally appeared before him. Be that as it may, the holding of *Harris* should be overruled insofar as it declares that a defective acknowledgment of a recorded instrument does not impart constructive notice. Otherwise, of course, with a fraudulent acknowledgment.

Although I join the judgment and opinion of the court, I heartily endorse this statement in the Trustee's brief:

In addition, Trustee hereby respectfully reserves and reiterates his opposition to acceptance of certification of the issue presented by this Court from the U.S. Court of Appeals for the Ninth Circuit. Trustee would incorporate by reference the arguments and authorities contained in his brief filed with this Court as to said issue. Simply stated, while Trustee concedes that the resolution of this case is controlled by a question of state law, it is his position that the issue can be adequately addressed and dealt with by the federal courts. Resort to the certification process in every bankruptcy proceeding involving controlling issues of state law will impair the administration of bankruptcy proceedings while adding to the already crowded calendar of this Court. *This is especially true when certification is so tardily requested after a case has substantially progressed through the federal system and the parties have gone to the expense of perfecting and actually arguing an appeal before a federal circuit appellate panel.* Respondent's Brief, pp. 1–2 (emphasis added).

To which I add, and more true where just thirteen months ago the Ninth Circuit of Appeals demonstrated that it was not incapable of addressing the question certified to this Court. *In re Big River Grain, Inc.,* 718 F.2d 968 (1983). Volume 718 F.2d reflects a pool of over 40 circuit court judges to draw upon, plus almost 70 district judges who are available to sit on that court's panels. While, as I said in *Sunshine Mining Co. v. Allendale,* it is flatter-

ing to be asked to decide a case for that court; I would think it in order that the Idaho judicial system be reimbursed by the federal system for the pay of five justices at the $100 per hour rate which we ordinarily allow experienced practitioners who appear before us.

Counsel for the Trustee, while his client does not this day prevail in this Court, may find a small degree of comfort in being advised that this Court's minutes will not show me voting for certification. In voting against this Court's rule which allows such certification, and voting against its constitutionality, I said what is once more worth the repeating—where the Idaho appellate system has more than enough to do (at about one-half the pay) in handling its own caseload:

The rule not only is constitutionally infirm, but is plagued with economic frailities as well. Federal litigation will come to a standstill while this Court gratuitously absorbs into its already overcrowded calendar one more case which it will eventually decide—while at the same time holding back in the pipeline a case which is legitimately in this Court. The economic suffering of the rule is thus twofold—delay in the federal litigation, and delay occasioned to some case which is rightfully before this Court in the exercise of its original jurisdiction or its appellate jurisdiction. If this Court has any jurisdiction other than that, I am unable to discern it from the Idaho Constitution.

*Sunshine Mining Co. v. Allendale Mut. Ins.,* 105 Idaho 133, 139, 666 P.2d 1144, 1150 (1983).

### ADDENDUM

Since writing the foregoing, I have come across the citation of *Ben Holt Industries v. Milne,* 36 Wash.App. 468 675 P.2d 1256 (1984), supplied to us by counsel for the trustee since oral argument. The Washington court held extrinsic evidence inadmissible to cure a defective acknowledgment.

Having wondered at the final paragraph in today's opinion for the Court, I now ascertain that "the record" includes the affidavit of Mr. Gagnan who on July 5, 1983, sometime after the fact, states that he did know the persons who acknowledged before him. If the Court's opinion is thought to hinge on the support of this affidavit, I question the validity of placing my reliance on it, and to that extent and for that reason do not wholly embrace the court's opinion. While I do agree with the thrust of Farm Bureau that a fraudulent acknowledgment is susceptible to attack by extrinsic evidence, such is true with most fraudulently induced or fraudulently executed instruments. I do not believe the converse to be true, however, thus making it doubtful that the United States district judge erred on the state of the law as it was. However, looking only to the face of the document, and not to the extrinsic evidence, I concur in our judgment today for reasons stated.