753 F.2d 804
 In the Matter of NEW CONCEPT REALTY & DEVELOPMENT, INC., Debtor.
BENJAMIN FRANKLIN SAVINGS & LOAN ASSOCIATION, Plaintiff-Appellant,
v.
NEW CONCEPT REALTY & DEVELOPMENT, INC., and L.D. Fitzgerald,
as, and only as, Trustee, Defendant-Appellee.
 No. 83-4299.
 United States Court of Appeals,
Ninth Circuit.
 Argued May 10, 1984.
Submitted Dec. 3, 1984.
Decided Feb. 15, 1985.
 
 Howard W. Carsman, Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, Idaho, for plaintiff-appellant.
 Jim D. Pappas, Green, Service, Gasser & Kerl, Pocatello, Idaho, for defendant-appellee.
 Appeal from the United States District Court for the District of Idaho.
 Before FLETCHER and FARRIS, Circuit Judges, and CRAIG,* District Judge.
 PER CURIAM:
 
 
 1
 New Concept Realty & Development, Inc. ("New Concept"), filed for relief under Chapter 7 of the Bankruptcy Code. Benjamin Franklin Savings & Loan ("Benjamin Franklin"), filed a complaint in the bankruptcy court seeking to foreclose a deed of trust on a parcel of Idaho real property owned by New Concept. New Concept's predecessors in interest had executed the deed of trust in favor of Benjamin Franklin's predecessor in interest. It was recorded in the Bonneville County recorder's office on September 19, 1979.
 
 
 2
 The trustee's answer alleged that the deed of trust was void because its certificate of acknowledgment did not substantially comply with the requirements of section 55-710 of the Idaho Code.[1] Specifically, the trustee argued that the certificate did not adequately demonstrate that the notary knew the identities of the persons who appeared before him.
 
 
 3
 The certificate of acknowledgment reads as follows:
 
 STATE OF IDAHO)
 
 4
 County of Bonneville) ss. September 19, 1979
 
 
 5
 Personally appeared the above named W. DUANE CROOK, WENDY M. CROOK, PAUL S.
 
 
 6
 YELA & JUDY L. YELA and acknowledged the foregoing instrument to be their
 
 
 7
 voluntary act and deed. Before me the undersigned.
 
 
 8
 /s/ STANLEY E. GAGNON
 
 Notary Public for Idaho
 
 9
 My commission expires: LifeIn the bankruptcy court, the trustee and Benjamin Franklin filed cross motions for summary judgment on the issue of the validity of the deed of trust. Benjamin Franklin accompanied its motion with an affidavit of Stanley E. Gagnon, the notary who executed the acknowledgment. Gagnon averred that the persons who had executed the deed had personally appeared before him on September 19, 1979, and that each of them had been personally known to him.
 
 
 10
 The bankruptcy court held that the certificate of acknowledgment was invalid as a matter of law. The district court affirmed, and Benjamin Franklin timely appealed.
 
 
 11
 In the absence of a proper acknowledgment, the deed of trust was not entitled to be recorded and could not impart constructive notice. See Harris v. Reed, 21 Idaho 364, 370, 121 P. 780, 781-82 (1912). The trustee would thus possess the rights of a bona fide purchaser and would be able to avoid the obligations under the instrument. See 11 U.S.C. Sec. 544(a)(3) (1982). Therefore, resolution of this case depends entirely upon whether or not the acknowledgment was valid.
 
 
 12
 We concluded that this was an issue of Idaho law about which there was no controlling precedent in the decisions of the Idaho Supreme Court. Accordingly, we certified the following question to the Idaho Supreme Court pursuant to Idaho Rule of Appellate Procedure 12.1:
 
 
 13
 Under Idaho law, does an acknowledgment on a deed of trust that lacks language stating that the notary knew the identity of the grantors preclude constructive notice of the deed where the defect cannot be cured by reference to the deed itself?
 
 
 14
 The Idaho Supreme Court accepted the certified question, and held that the acknowledgment was sufficient to impart constructive notice. In re New Concept Realty, 692 P.2d 355 (Idaho 1984).
 
 
 15
 The Idaho Supreme Court first noted that, consistent with the presumption of regularity accorded official acts performed by public officers, an acknowledgment on a deed of trust would be presumed valid. At 356. The court noted that the statute requires substantial compliance, but not strict compliance with the prescribed form. At 357. Since the certificate in this case states that the grantors personally appeared before the notary and the notary's affidavit establishes that he knew the signers to be the persons who executed the deed, the court concluded that the acknowledgment was valid and was sufficient to impart constructive notice to the trustee. Id.
 
 
 16
 In light of this controlling interpretation of Idaho law, the decision of the district court is REVERSED.
 
 
 
 *
 Hon. Walter E. Craig, United States District Judge for the district of Arizona, sitting by designation
 
 
 [1]
 Section 55-710 provides:
 The certificate of acknowledgement, unless it is otherwise in this chapter provided, must be substantially in the following form:
 State of Idaho, County of __________, §§
 On this ____ day of ________, in the year of ____, before me (here insert the name and quality of the officer), personally appeared ____________, known or identified to me (or proved to me on the oath of ____________), to be the person whose name is subscribed to the within instrument, and acknowledged to me that he (or they) executed the same.