[No. 12932. In Bank. — September 2, 1889.]

# H. BANNING ET AL., RESPONDENTS, *v.* MARY H. BANNING, APPELLANT.

| 80  | 271 |
| 83  | 272 |
| 80  | 271 |
| 101 | 536 |
| 80  | 271 |
| 140 | 409 |

PARTITION — PLEADING — ANSWER — CROSS-COMPLAINT. — A so-called cross-plaint in an action for partition which is only a repetition of the answer which alleges exclusive ownership and exclusive possession by the defendant requires no answer from the plaintiff.

DEED — ACKNOWLEDGMENT OF MARRIED WOMAN — CONCLUSIVENESS OF CERTIFICATE — USE OF TELEPHONE BY NOTARY — When the certificate of acknowledgment of a deed from a married woman is in due form, and is not impeached for fraud, duress, or mistake, it is conclusive of the facts therein stated by the notary, and cannot be impeached by evidence or findings that the acknowledgment was taken by the notary through a telephone, the married woman being three miles distant from the notary at the time of acknowledgment.

APPEAL from an interlocutory decree of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Houghton, Silent & Campbell,* and *J. S. Chapman,* for Appellant.

The acknowledgment of a married woman is an essential part of her conveyance. (*Leonis* v. *Lazzarovich,* 55 Cal. 55; *Wedel* v. *Herman,* 59 Cal. 507; *Joseph* v. *Dougherty,* 60 Cal. 360; *Durfee* v. *Garvey,* 65 Cal. 406; Civ. Code, secs. 1093, 1186, 1187, 1191.) The defendant not having been personally present before the notary, and acknowledged to him the execution of the deeds, his certificates are false and fraudulent, and therefore void. (*Johnston* v. *Wallace,* 53 Miss. 338; *Williamson* v. *Carskaddon,* 36 Ohio St. 665; *Smith* v. *Ward,* 2 Root, 398; 1 Am. Dec. 80; *Heater* v. *Glasgow,* 79 Pa. St. 79; *Howell* v. *McCrie,* 36 Kan. 636; 59 Am. Rep. 584; *Donahue* v. *Miles,* 41 Ark. 421; *Jackson* v. *Humphrey,* 1 Johns. 498; Civ. Code, secs. 1186, 1187, 1191.)

*Smith & Patton,* and *F. H. Howard,* for Respondents.

The notary's certificate is conclusive of all the facts stated in it. (*Grant* v. *White,* 57 Cal. 141; Jones on

Mortgages, sec. 538, and cases cited; *Arnaz* v. *Escandon*, 59 Cal. 489; *Baldwin* v. *Snowden*, 11 Ohio St. 203; 78 Am. Dec. 303; *Rogers* v. *Menager*, 22 W. Va. 469; *Henderson* v. *Smith*, 26 W. Va. 834; 53 Am. Rep. 139; *Harkins* v. *Forsythe*, 11 Leigh, 301; *Kerr* v. *Russell*, 69 Ill. 670; 18 Am. Rep. 634; *Williams* v. *Baker*, 71 Pa. St. 476; *Heater* v. *Glasgow*, 79 Pa. St. 79.)

VANCLIEF, C. — Action for partition of land. The complaint is in the most general form, alleging that the parties own the land as tenants in common, and specifying the undivided portion to which each party is entitled. The answer denies that either of the plaintiffs has any estate in the land, and alleges that the defendant is the sole and exclusive owner, and in the exclusive possession thereof.

In addition to her answer, the defendant filed what she denominated a cross-complaint, which in substance was only a repetition of her answer.

The plaintiffs unnecessarily answered this so-called cross-complaint by repeating the substance of their complaint, and further alleging, among other things, that they derived title to the undivided portion of the land claimed by each of them directly from the defendant.

Upon these pleadings a trial was had, and on August 2, 1888, the court made and signed written findings upon all the issues in favor of the plaintiffs, and especially found that "the aforesaid interests of the plaintiffs are all and each of them deraigned from the defendant by conveyances from the defendant to the plaintiffs respectively, by her duly signed, acknowledged, and delivered to the plaintiffs respectively."

After the aforesaid findings were written and signed, the court, at the request of the defendant, made and signed additional findings on a separate paper, which was filed August 3, 1888, and the original findings of August 2d were also filed on August 3d, on which day

the interlocutory decree in favor of plaintiffs, from which this appeal is taken, was filed.

The appeal rests upon the judgment roll alone, including the additional findings, and appellant's counsel contend that the findings do not support the judgment, for the reason that they do not show that defendant executed the deeds to the plaintiffs by which plaintiffs claim title. The special and only ground of objection to the sufficiency of the execution of those deeds is, that at the time the deeds were acknowledged the defendant was a married woman, and was not visibly, and therefore not personally, present before the notary at the time he took her acknowledgment through a telephone, she then being three miles distant from him, as appears by the additional findings.

The answer to this objection is, that in the absence of fraud, duress, accident, and mistake, the certificate of the notary in due form of law is conclusive of the material facts therein stated. The facts stated in the additional findings were not admissible as evidence to dispute the official certificate of the notary; and if admitted should have been disregarded, as they evidently were, by the trial court.

It is admitted that the certificate of the notary is in due form; and it is not alleged or pretended by the defendant that she did not voluntarily sign and deliver the deeds; nor that she did not voluntarily, and without the hearing of her husband, acknowledge the execution of them through the telephone, after having been informed by the notary of their contents; nor that any deception or fraud was practiced to induce her to execute the deeds; nor, even, that the plaintiffs had notice of the manner in which it is alleged that she acknowledged the execution through the telephone.

These particulars are not stated for the purpose of maintaining that, under any circumstances, an acknowledgment of a deed may be taken through a telephone,

but for the sole purpose of showing that there is no pretense of fraud, duress, or mistake.

In *De Arnaz* v. *Escandon,* 59 Cal. 489, the court below had found that the defendant — a married woman — had acknowledged a deed through an interpreter, who did not correctly interpret the contents of the deed, but misrepresented the deed as being a mortgage to secure the payment of three thousand dollars, when, in fact, it was an absolute deed. This court said: "But it is not alleged, found, or claimed that the plaintiff had any notice of these facts. It is clear, therefore, that the notary's certificate is conclusive as to the facts stated in it." (Citing Jones on Mortgages, sec. 538; *Grant* v. *White,* 57 Cal. 141; *Baldwin* v *Snowden,* 11 Ohio St. 203; 78 Am. Dec. 303.)

In *Grant* v. *White, supra,* this court said: " We do not see that fraud or imposition was practiced upon her at the time of the execution of the mortgage. . . . . We think the rule regarding the execution of instruments by married women is correctly stated by Mr. Jones in his work on mortgages, section 538."

In the section referred to, Mr. Jones says: " As to statements of fact contained in a certificate of acknowledgment which is regular in form, such, for instance, as the fact that the grantor appeared and acknowledged the execution of the instrument, they can only be impeached for fraud; evidence which is merely in contradiction of the facts certified to will not be received."

To the same effect is the decided weight of authority in other states.

I think the judgment should be affirmed.

Belcher, C. C., and Hayne, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Rehearing denied.