(June 21, 1917.)

## WESLEY HUGHES and ANNA HUGHES, Husband and Wife, Respondents, v. THE LATOUR CREEK RAILROAD CO., a Corporation, et al., Appellants.

[166 Pac. 219.]

HOMESTEAD—ENCUMBRANCE OF—JOINDER OF HUSBAND AND WIFE—NE-CESSITY FOR.

> *Held,* That under sec. 3106, Rev. Codes, providing that "No estate in the homestead of a married person, or in any part of the community property occupied as a residence by a married person can be conveyed or encumbered by act of the party, unless both husband and wife join in the execution of the instrument by which it is so conveyed or encumbered, and it be acknowledged by the wife as provided in Chapter 3 of this Title," an instrument purporting to convey or encumber such property or any interest therein, in which the wife does not join, is void.

> [As to conveyance or encumbrance of homestead by one spouse only, see note in 95 Am. St. 909.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County.   Hon. Robert N. Dunn, Judge.

Action to quiet title to certain lands.   Judgment on the pleadings of plaintiffs.   *Affirmed.*

Edward H. Berg, for Appellants.

A husband has the absolute power to dispose of the common property of himself and wife to the extent and in the manner as he had of his separate property until a legal separation has been effected by a court of competent jurisdiction, and a division made under the direction of the court.   (*Ray v. Ray,* 1 Ida. 566.)

A statute like ours of 1913 which required the wife to join in conveyance did not affect property acquired prior to the passage of the act, as the legislative act could not in any way affect the husband's right as it existed before the enactment. (*Reade v. De Lea,* 14 N. M. 442, 95 Pac. 131; *Spreckels v.*

*Spreckels,* 116 Cal. 339, 58 Am. St. 170, 48 Pac. 228, 36
L. R. A. 497.)

It is admitted that the wife was more willing than the
husband to make said transaction, and it is shown that she
waited for more than a year and a half before disaffirming,
and before commencing suit; that she lived upon the land
and saw and knew of the improvements being made by the
defendant railroad, which would enhance the value of the
plaintiff's land. Under the subject of equitable estoppel, see
*Konnerupt v. Frandsen,* 8 Wash. 551, 36 Pac. 493; *Grice v.
Woolworth,* 10 Ida. 459, 109 Am. St. 214, 80 Pac. 912, 69
L. R. A. 584; *Engholm v. Ekrem,* 18 N. D. 185, 119 N. W.
35.

James H. Frazier, for Respondents.

The homestead occupied by the husband and wife as a resi-
dence is common property of the marital community, and the
husband alone cannot convey or encumber it so long as it
continues to be the residence of himself and wife. (*Law v.
Spence,* 5 Ida. 244, 48 Pac. 282; *Mabie v. Whitaker,* 10 Wash.
656, 39 Pac. 172.)

"Where the purchaser knows that the land is community
property, his contract made with the husband alone for its
sale is void." (21 Cyc. 669c; *Warburton v. White,* 176 U. S.
484, 20 Sup. Ct. 404, 44 L. ed. 555; *Holyoke v. Jackson,* 3
Wash. Ter. 235, 3 Pac. 841; *Hill v. Young,* 7 Wash. 33, 34
Pac. 144.)

BUDGE, C. J.—This action was brought by respondents,
husband and wife, to quiet title to certain lands in Kootenai
county. The material facts alleged in the complaint are:
That the land was occupied by respondents as their com-
munity homestead; that respondent, Wesley Hughes, without
his wife's consent and without her joining in the execution
of the instrument, delivered to the Latour Creek Railroad
Company a deed to the timber on the homestead, receiving
as consideration therefor certificates of stock in said com-
pany; that by an agreement of even date it was stipulated

that this timber should be bonded by the railroad company in order to procure funds to be used in building and equipping its railroad; and that the agreement also provided for a right of redemption, which right was thereby assigned by the railroad company to the respondent, Wesley Hughes.

The Railroad Company answered that its rights had been transferred to J. F. Howarth Company, as trustee. The latter was made a party and answered that its rights had been transferred to one Jos. H. Whelan, as trustee. The latter by separate answer admitted the community character of the property, that it was occupied by respondents as a residence, and affirmatively alleged that respondent, Anna Hughes, at the time of making the deed was more interested and willing to make the same than her husband; that the bonds had been sold to the public under the representation that they were secured by this timber; and "that the persons holding said bonds . . . . are relying upon said trust deed and upon the title vested in this defendant as such trustee under and by virtue of said deed."

The trial court rendered judgment upon the pleadings, quieting title to the land in respondents, as prayed in their complaint. This appeal is from the judgment.

The briefs of counsel devote much time and cite many authorities in an endeavor to reach a satisfactory interpretation of sec. 2686, Rev. Codes, as amended by c. 105, Sess. Laws 1913, p. 425. That section relates to community property in general. What effect the 1913 amendment may have had upon the authority of a husband to convey community property, which was in existence as such property prior to the enactment of the amendment, it is not necessary for us to determine under the facts in this case.

Sec. 3106, Rev. Codes, was in force at the time the deed in question was given. That section has not been amended nor repealed, and is as follows: "No estate in the homestead of a married person, or in any part of the community property occupied as a residence by a married person can be conveyed or encumbered by act of the party, unless both husband and wife join in the execution of the instrument by which it is

so conveyed or encumbered, and it be acknowledged by the wife as provided in Chapter 3 of this Title.'' The sole question then presented for our consideration is, can a husband, without the wife joining in the instrument, convey or in any manner encumber community property, occupied by them as a residence. This precise question does not seem to have been directly involved in any previous case in this jurisdiction, but many other states have similar statutes, which have been often considered. The result of the decisions is summarized in *Pipkin v. Williams,* 57 Ark. 242, 38 Am. St. 241, 21 S. W. 433, in these words: ''The decided weight of authority is that such deeds are void absolutely, not relatively; that they are mere nullities, and leave the property as if they had not been made. [Citing many cases.]'' (See, also, *Poole v. Gerrard,* 6 Cal. 71, 65 Am. Dec. 481, with extensive note; *Hart v. Church,* 126 Cal. 471, 77 Am. St. 195, 58 Pac. 910; *McGhee v. Wilson,* 111 Ala. 615, 56 Am. St. 72, 20 So. 619; *Freiermuth v. Steigleman,* 130 Cal. 392, 80 Am. St. 138, 62 Pac. 615; *Ainsworth v. Morrill,* 31 Cal. App. 509, 160 Pac. 1089.)

It follows that Wesley Hughes was without authority to give the deed in question and his purported deed, unaccompanied by the signature and acknowledgment of his wife, as required by the foregoing section, was void and operated to convey no interest whatever in or to the property therein described. Nor does the allegation in appellant's answer that the respondent, Anna Hughes, was more willing to give the deed than her husband, constitute any defense or create an estoppel. Under the pleadings it is admitted that she did not join in the deed; failing in this, the entire transaction was a nullity.

The judgment is affirmed. Costs awarded to respondent.

.Morgan and Rice, JJ., concur.