'(October 1, 1920.)

CHARLES S. MYERS, Respondent, v. MARY A. EBY (Formerly MARY A. BERTHOLF), as Administratrix of the Estate of JOHN W. BERTHOLF, Deceased; MARY A. EBY (Formerly MARY A. BERTHOLF), and C. C. LINEHAN, Appellants.

[193 Pac. 77.]

ACKNOWLEDGMENTS—TAKEN THROUGH TELEPHONE.

    1. The statute of Idaho requires that a person acknowledging the execution of an instrument shall be personally present before the officer who takes and certifies such acknowledgment.

    2. Where the personal presence of a party before an officer is a requirement of the statute, an acknowledgment made by a person not in the presence of the officer, by means of the telephone, is void.

APPEAL from the District Court of the Second Judicial District, for Clearwater County. Hon. Edgar C. Steele, Judge.

    2. Authorities passing on the question of validity of acknowledgment taken over telephone are ·collated in notes in **Ann. Cas.** 1912C, 330, and 30 **L. R. A., N. S.,** 358.

Action to foreclose mortgage and to cancel release thereof. Judgment for plaintiff. *Reversed.*

Orland & Lee, for Appellants.

While the respondent or both parties may have been mistaken as to the legality of this mortgage by the administrator, through ignorance of the law, there was no mistake as to the effect of the release, and the whole transaction was carried out in exact accordance with the agreement of the parties, and a court of equity will not undo what the parties have deliberately done. (*Pitcher v. Hennessey,* 48 N. Y. 415; *Hunt v. Rousmanier,* 1 Pet. (U. S.) 1, 7 L. ed. 27; *Hunt v. Rousmanier's Admrs.,* 8 Wheat. (U. S.) 174, 5 L. ed. 589; *Utermehle v. Norment,* 197 U. S. 40, 52, 3 Ann. Cas. 520, 25 Sup. Ct. 291, 49 L. ed. 655, 660, see, also, Rose's U. S. Notes; *Pierson v. Armstrong,* 1 Iowa, 282, 63 Am. Dec. 440; *Garwood v. Eldridge's Admrs. & Heirs,* 2 N. J. Eq. 145, 34 Am. Dec. 195, 10 R. C. L. 308; *Roach v. Francisco,* 138 Tenn. 357, 197 S. W. 1099, 1 A. L. R. 1074.)

The acknowledgment of a conveyance of real estate over or by means of a telephone conversation, and not in the presence of the officer taking the acknowledgment, is in violation of the intent and spirit of the law of the state of Idaho, and, if permitted, creates an opportunity for the commission of the grossest kind of fraud, with very little liability of detection of the perpetrator. (*Wilson v. Wilson,* 6 Ida. 597, 57 Pac. 708; *Webster v. Hurt,* 123 Tenn. 508, Ann. Cas. 1912C, 329, 130 S. W. 842, 30 L. R. A., N. S., 358; *Gilpin v. Savage,* 201 N. Y. 167, Ann. Cas. 1912A, 861, 94 N. E. 656, 34 L. R. A., N. S., 417; *Livingston v. Kettelle,* 1 Gilm. (Ill.) 116, 41 Am. Dec. 166; *Sullivan v. First Nat. Bank,* 37 Tex. Civ. 228, 83 S. W. 421; *Barrett v. Magner,* 105 Minn. 118, 127 Am. St. 531, 117 N. W. 245; *Young v. Seattle Transfer Co.,* 33 Wash. 225, 99 Am. St. 942, 74 Pac. 375, 63 L. R. A. 988; *State Nat. Bank v. Mee,* 39 Okl. 775, 136 Pac. 758; *Kangley v. Rogers,* 85 Wash. 250, 147 Pac. 898; *Le Mesnager v. Hamilton,* 101 Cal. 532, 40 Am. St. 81,

35 Pac. 1054; *Northwestern etc. Bank v. Rauch,* 5 Ida. 752, 51 Pac. 764.)

Randall & Becker, for Respondent.

In the absence of fraud, the fact that one of the mortgagors communicated her acknowledgment of the mortgage to the officer over the telephone will not invalidate the instrument, the certificate being regular on its face. (1 R. C. L. 277; *Banning v. Banning,* 80 Cal. 271, 13 Am. St. 156, 22 Pac. 210; note, 127 Am. St. 554; note, Ann. Cas. 1912C, 330; 1 Devlin on Deeds, sec. 529a; 1 Jones on Mortgages, sec. 500; *De Arnaz v. Escandon,* 59 Cal. 486, 489.)

Under the facts of this case, the appellant, Mary A. Eby, is estopped from denying the validity of the original mortgage in question. (*Grice v. Woodworth,* 10 Ida. 459, 109 Am. St. 214, 80 Pac. 912, 69 L. R. A. 584.)

The rule "*Ignorantia juris non excusat*" is confined to mistakes as to the general rules of law, which everyone is supposed to know, and has no application to mistakes as to private legal rights and interests, which are regarded as analogous to mistakes of fact. (4 R. C. L. 509; 6 R. C. L. 630; *Cooper v. Phibbs,* L. R. 2 H. L. 149, 22 Eng. Rul. Cas. 870; *Morgan v. Bell,* 3 Wash. 554, 28 Pac. 925, 16 L. R. A. 614; *Renard v. Clink,* 91 Mich. 1, 30 Am. St. 458, and note, 51 N. W. 692; *Reggio v. Warren,* 207 Mass. 525, 20 Ann. Cas. 1244, 93 N. E. 805, 32 L. R. A., N. S., 340; *Bottorff v. Lewis,* 121 Iowa, 27, 95 N. W. 262; 9 C. J. 1169.)

The rule has no application where the mistake of law is mutually shared by all parties to the transaction. (10 R. C. L., pp. 310 and 311; 9 C. J. 1169; *Champlin v. Laytin,* 1 Edw. Ch. (N. Y.) 467, 28 L. R. A., N. S., 785, note; 16 Cyc. 75.)

Or where the enforcement of the rule would result in an unconscionable advantage to the party relying upon it. (4 R. C. L. 508; 6 R. C. L. 629; 19 R. C. L. 475.)

Or upon the general theory that the main object of equity jurisdiction should be to effectuate the intention of the parties. (28 L. R. A., N. S., 785, note; *Remington v. Higgins,*

54 Cal. 620; *Hammond v. Barker*, 61 N. H. 53; 10 R. C. L. 307.)

RICE, J.—This action was instituted by respondent Myers for the foreclosure of a mortgage bearing date of April 1, 1911, executed by John W. Bertholf and Mary A. Bertholf, his wife, covering community real estate occupied by the mortgagors as a residence. After the death of John W. Bertholf, Mary A. Bertholf was appointed administratrix of his estate. Respondent in due time presented his claim against the estate, and it was allowed by the administratrix and the probate court. The note not having been paid, on April 18, 1914, respondent and the administratrix met in the office of the probate judge and agreed that a new note and mortgage should be executed by the administratrix, extending the time of payment, in case such new note and mortgage could be given. They were advised by the probate judge that the administratrix had power to execute the new note and mortgage, and thereupon a petition was filed with the probate court by the administratrix for authority to execute the same, and an order granting such authority was made by the probate judge. At the time this order was made there was no statute in this state authorizing the administratrix to mortgage the property of the estate, upon an order of the probate court or otherwise. Upon delivery of the last-mentioned note and mortgage, respondent delivered to the administratrix the first note and mortgage, and executed and delivered to her a satisfaction thereof. The first note and mortgage were thereupon destroyed. Mary A. Bertholf thereafter became the wife of Sam Eby.

Respondent bases his claim of right to foreclose the mortgage of April 1, 1911, upon the ground that the mortgage executed by the administratrix on April 18, 1914, was void, and that the same was delivered by the administratrix and accepted by respondent through mutual mistake.

Judgment was entered for respondent and Mrs. Eby and her son-in-law, C. C. Linehan, who was made a party to the action, appealed.

Appellant Eby alleged in her answer that the mortgage of April 1, 1911, was not acknowledged by her, and it is urged that since the property mortgaged was community property, occupied by the mortgagors as a residence, the mortgage was void. In our judgment a consideration of this contention of appellants will dispose of the case.

Rev. Codes, sec. 3106, which was in effect at the time this mortgage was given, is as follows:

"No estate in the homestead of a married person, or in any part of the community property occupied as a residence by a married person can be conveyed or encumbered by act of the party, unless both husband and wife join in the execution of the instrument by which it was so conveyed or encumbered, and it be acknowledged by the wife as provided in Chap. 3 of this Title."

There was appended to the mortgage a certificate of acknowledgment executed by F. H. Judd, justice of the peace, bearing date April 1, 1911, which recites that John W. Bertholf and Mary A. Bertholf appeared before him and acknowledged that they signed and sealed the mortgage as their free and voluntary act. At the trial of the case, Mrs. Eby testified that she never appeared before the justice of the peace at any time and acknowledged the execution of the mortgage. Respondent proved by the justice of the peace who executed the certificate that the acknowledgment of Mary A. Bertholf was taken through the telephone. The testimony of the justice of the peace was not offered for the purpose of impeaching any of the facts recited by him in his official certificate, but was offered in rebuttal in support thereof by the only party who could have objected to an impeachment of the certificate of acknowledgment. This action was equivalent to an admission on the part of respondent that the acknowledgment was taken by means of the telephone, and not otherwise, and both the respondent and the court are bound thereby. This situation renders inapplicable to this case the holdings of this court in the cases of *First Nat. Bank v. Glenn,* 10 Ida. 224, 109 Am. St. 204, 77 Pac. 623; *Gray v. Law,* 6 Ida. 559, 96 Am. St. 280, 57 Pac. 435; *Northwestern etc. Bank v. Rauch,* 5 Ida. 752, 51

Pac. 764; *Christensen v. Hollingsworth* (on rehearing), 6 Ida. 94, 53 Pac. 271, as to the character of evidence necessary to impeach a certificate of acknowledgment. It presents the question as to whether an acknowledgment taken by means of the telephone is void.

C. S., secs. 5392, 5393, 5394 and 5395, read as follows:

"[5392.] The acknowledgment of an instrument must not be taken, unless the officer taking it knows or has satisfactory evidence, on the oath of affirmation of a credible witness, that the person making such acknowledgment is the individual who is described in, and who executed, the instrument; or, if executed by a corporation, that the person making such acknowledgment is the president or secretary of such corporation.

"[5393.] The acknowledgment of a married woman to any instrument in writing shall be taken and certified to in the same manner and form as that of a single person, and must be substantially in the form prescribed by section 5395.

"[5394.] An officer taking the acknowledgment of an instrument must indorse thereon a certificate substantially in the form hereinafter prescribed.

"[5395.] The certificate of acknowledgment, unless it is otherwise in this chapter provided, must be substantially in the following form:

"State of Idaho, county of ——, ss.

"On this —— day of ——, in the year of ——, before me (here insert the name and quality of the officer), personally appeared ——, known to me (or proved to me on the oath of ——), to be the person whose name is subscribed to the within instrument, and acknowledged to me that he (or they) executed the same."

Clearly, these sections of the statute require that the person acknowledging the execution of an instrument shall be personally present before the officer.

Where the personal presence of a party before an officer is a requirement of the statute, an acknowledgment of a person not in the presence of the officer, taken by means of the telephone, is not a mere irregularity. It is beyond the power of

the officer to take an acknowledgment in that manner. The recitals in the certificate in such case become a mere fabrication. (*Hutchinson v. Stone* (Fla.), 84 So. 151; *Roach v. Francisco,* 138 Tenn. 357, 197 S. W. 1099, 1 A. L. R. 1074; *Wester v. Hart,* 123 Tenn. 508, Ann. Cas. 1912C, 329, 130 S. W. 842, 30 L. R. A., N. S., 358; *Le Mesnager v. Hamilton,* 101 Cal. 532, 40 Am. St. 81, 35 Pac. 1054.)

Respondent cites the case of *Banning v. Banning,* 80 Cal. 271, 13 Am. St. 156, 22 Pac. 210, but the case is not in point under the conditions that exist in this case. In *Le Mesnager v. Hamilton, supra,* the court refers to the Banning case in the following language:

"In Banning v. Banning, the wife acknowledged the deed through a telephone and afterwards delivered the deed, apparently properly acknowledged, to the grantees, who were not shown to have had any notice of the manner in which the acknowledgment was taken. Under these circumstances, the court held that the certificate was conclusive, and that the married woman could not avoid her deed because of the fact that she did not personally appear in the actual presence of the officer certifying to the acknowledgment. That was all that was decided there, and that case is authority for nothing more."

Under Rev. Codes, sec. 3106, an acknowledgment by the wife, as provided by law, was essential to the validity of the mortgage.

The judgment must be reversed. Costs awarded to appellants.

Morgan, C. J., and Budge, J., concur.