(December 11, 1920.)

EMMA E. KNUDSEN, as Executrix of the Last Will and Testament of H. KNUDSEN, Deceased, Appellant, v. EDITH F. LYTHMAN, Formerly EDITH F. COOLIN, Respondent.

STATUTES—REPEAL BY IMPLICATION—MORTGAGE—ACKNOWLEDGMENT BY WIFE—SEPARATE PROPERTY—COMMUNITY PROPERTY—NOTARY INTERESTED PARTY—VOID ACKNOWLEDGMENT—LEX LOCI.

1. The provisions of C. S., sec. 4657 (formerly Sess. Laws 1903, sec. 2, p. 346), authorizing the wife to convey her real

---

REPORTER'S NOTE.—In this case a rehearing was granted, but before such rehearing was had the subject of controversy was settled by the litigants and by consent of counsel the appeal was dismissed.

and personal property and to enter into any contract with reference to it, in the same manner and to the same extent and with like effect as a married man may in relation to his real and personal property, operated to repeal by implication Rev. Statutes, sec. 2922, prescribing the manner by which the separate real property of a married woman could be conveyed.

2. Under the provisions of Sess. Laws 1903, sec. 2, p. 346, now C. S., sec. 4657, the mortgage of a married woman's separate property, signed by her but not acknowledged, is binding upon such separate property, as between the parties to such mortgage and their assignees, and the fact that the instrument is not acknowledged or that the acknowledgment is void does not affect the validity of its execution under said section.

3. Under a statute providing that community property occupied as a residence cannot be conveyed or encumbered unless the signature of the wife in execution of the instrument be acknowledged in a prescribed manner, an acknowledgment by the wife, as provided by law, is essential to the validity of a mortgage of such property.

4. The taking of an acknowledgment is a *quasi*-judicial act, and an officer who is himself a party to an instrument is disqualified to take the acknowledgment, and an acknowledgment so taken is void.

5. Every instrument affecting the title to real property is subject, with regard to its validity, exclusively to the laws of the state or government within the jurisdiction of which the real property is situated.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. John M. Flynn, Judge.

Action to foreclose a mortgage. Judgment decreeing foreclosure as to part of the property. *Modified and affirmed.*

Cyrus Happy and G. H. Martin, for Appellant.

Ministerial duties may be performed by a notary public even though he be interested in the subject matter of the instrument to which he attaches his certificate. (*Nixon v. Post,* 13 Wash. 181, 43 Pac. 23; *Keene etc. Sav. Bank v. Lawrence,* 32 Wash. 572, 73 Pac. 680; *Spokane etc. Lumber*

*Co. v. Loy,* 21 Wash. 501, 58 Pac. 672, 60 Pac. 1119; *McLean v. Roller,* 33 Wash. 166, 73 Pac. 1123.)

A married woman may be estopped by her conduct from disputing the validity of instruments where she has accepted and received the benefit thereof, even though they are not acknowledged or executed in accordance with the statutes. (*Grice v. Woodworth,* 10 Ida. 459, 109 Am. St. 214, 80 Pac. 912, 69 L. R. A. 584; 10 R. C. L. 750.)

A married woman who deals or assumes to deal in respect of a matter concerning which her common-law disability has been removed is bound by an estoppel the same as any other person. (10 R. C. L. 738; *Dobbin v. Cordiner,* 41 Minn. 165, 16 Am. St. 683, 42 N. W. 870, 4 L. R. A. 333; *Galbraith v. Lundsford,* 87 Tenn. 89, 9 S. W. 365, 1 L. R. A. 522; *H. W. Wright Lumber Co. v. McCord,* 145 Wis. 93, Ann. Cas. 1912B, 92, 128 N. W. 873, 34 L. R. A., N. S., 762; *Boise Butcher Co. v. Anixdale,* 26 Ida. 483, 144 Pac. 337.)

F. A. McCall and Potts & Wernette, for Respondent.

Where community property used as a residence is to be conveyed or encumbered, the acknowledgment by the wife is a necessary part of the instrument conveying or encumbering the same, and unless validly acknowledged, the instrument is void as to the wife. (*Wilson v. Wilson,* 6 Ida. 597, 57 Pac. 708; 1 Cyc. 513, 514, 527, 523–533; *Havemeyer v. Dahn,* 48 Neb. 536, 58 Am. St. 706, 67 N. W. 489, 33 L. R. A. 332; *Horbach v. Tyrrell,* 48 Neb. 514, 67 N. W. 485, 489, 37 L. R. A. 434; *West v. Krebaum,* 88 Ill. 263; *American Savings & Loan Assn. v. Burghardt,* 19 Mont. 323, 61 Am. St. 507, 48 Pac. 391; *Montana Nat. Bank v. Schmidt,* 6 Mont. 609, 610, 13 Pac. 382; *Silcock v. Baker,* 25 Tex. Civ. 508, 61 S. W. 939; *First Nat. Bank etc. v. Citizens' State Bank,* 11 Wyo. 32, 100 Am. St. 925, 70 Pac. 726; *Hayes v. Southern Home Building etc. Assn.,* 124 Ala. 663, 82 Am. St. 216, 26 So. 527.)

Every contract in the nature of a deed, mortgage or encumbrance affecting real property is subject exclusively

to the laws of the state or government within whose juris-diction the real property is situated. (*Hannah v. Vensel,* 19 Ida. 796, 116 Pac. 115.)

An acknowledgment of a mortgage cannot be taken by the mortgagee thereof, and if so taken, is void. (1 Cyc. 553, 554; *Lee v. Murphy,* 119 Cal. 364, 51 Pac. 549, 955; *First Nat. Bank, etc. v. Citizens' State Bank,* 11 Wyo. 32, 100 Am. St. 925, 70 Pac. 726; *West v. Krebaum,* 88 Ill. 263; *Leftwich v. Richmond,* 100 Va. 164, 40 S. E. 651; *Hubble v. Wright,* 23 Ind. 322; *Wilson v. Traer,* 20 Iowa, 231; *Groesbeck v. Seeley,* 13 Mich. 329; *Brown v. Moore,* 38 Tex. 645; *Bowden v. Parrish,* 86 Va. 67, 19 Am. St. 873, 9 S. E. 616; *Beaman v. Whitney,* 20 Me. 413; *Holden v. Brimage,* 72 Miss. 228, 18 So. 383; *Dail v. Moore,* 51 Mo. 589; *Stevens v. Hampton,* 46 Mo. 404; *Tavenner v. Barrett,* 21 W. Va. 656; *Morgan v. Glendy,* 92 Va. 86, 22 S. E. 854; *Rothschild v. Daugher,* 85 Tex. 332, 34 Am. St. 811, 20 S. W. 142, 16 L. R. A. 719; *Black* v. *Gregg,* 58 Mo. 565; *Barrett v. Tracewell,* 21 W. Va. 656.)

BUDGE, J.—This is an action to foreclose a mortgage on certain lands in Bonner county. The mortgage was exe-cuted April 9, 1907, by David Coolin, now deceased, and Edith F. Coolin, then his wife. One P. C. Shine, the mort-gagee designated in the mortgage, took the purported ac-knowledgments of the mortgagors. Shine assigned the mortgage to one William Vane, April 14, 1909, and Vane in turn assigned the mortgage to H. Knudsen. Knudsen instituted the foreclosure proceeding and later died, and Emma E. Knudsen, his executrix, was substituted as plain-tiff. After the cause was at issue, it was tried by the court. Findings of fact and conclusions of law were filed, and judgment entered decreeing foreclosure against an undi-vided one-seventh interest in the property, which was found by the court to have been the separate property of David Coolin, deceased, having descended to him as his share of his deceased mother's estate. The decree denied foreclosure

as to an undivided five-sevenths of the property, upon the ground that it was community property which was occupied by the mortgagors as a residence at the time the mortgage was given, and that the mortgage as to the community interest was void because not lawfully acknowledged, and denied foreclosure as to the remaining undivided one-seventh of the property upon the ground that it was the separate property of Edith F. Coolin, and that the mortgage as to it was void for the same reason.

This appeal is from that portion of the judgment only which denied the validity of the mortgage as to the undivided six-sevenths interest in the property. The finding of the court as to this undivided six-sevenths interest in the property is supported by the evidence.

As to the one-seventh interest which the court found to be the separate property of Edith F. Coolin, the only point sought to be made by appellant is that the evidence shows that it was the separate property of David Coolin, but this finding that it was the separate property of the wife is supported by the evidence. However, as appellant is contending that this one-seventh interest in the property is subject to the mortgage, it becomes necessary to determine whether the separate property of a married woman, under the statutes in existence at the time this mortgage was given can be bound by a mortgage signed but not acknowledged by her. At the time this mortgage was given the law in force is found in sec. 2 of an act passed by the legislature in 1903, Sess. Laws 1903, page 346, and is now C. S., sec. 4657. This section provides:

"Sec. 4657. During the continuance of the marriage the wife has the management, control and absolute power of disposition of her separate property, and may bargain, sell and convey her real and personal property, and may enter into any contract with reference to the same, in the same manner, and to the same extent, and with like effect, as a married man may in relation to his real and personal property: *Provided,* That the husband shall be bound by such

contracts to no greater extent or effect than his wife under similar circumstances would be bound by his contracts."

Respondent's contention is that Rev. Statutes, sec. 2922, which was not expressly repealed until 1913, and which provided that: "Sec. 2922. No estate in the real property of a married woman passes by any grant or conveyance purporting to be executed or acknowledged by her, unless the grant or instrument is acknowledged by her in the manner prescribed in Chapter 3 of this Title, and her husband, if a resident of the State, joins with her in the execution of such grant or conveyance," required this mortgage to be acknowledged by the wife in order to give it any validity, but we are of the opinion that the provisions of the section of the 1913 law above quoted (now C. S., sec. 4657), authorizing the wife to bargain, sell and convey her real and personal property, and to enter into any contract with reference to it, in the same manner and to the same extent and with like effect as a married man may in relation to his real and personal property, operated to repeal by implication Rev. Statutes, sec. 2922, and that the mortgage of the wife's separate property, signed by her, though not acknowledged, was as binding upon her separate property as the mortgage upon the separate property of the husband, signed but not acknowledged by him. Under this section the acknowledgment of the wife is no part of the execution of the instrument, which though not acknowledged is binding between the parties thereto and their assignees.

As to the undivided five-sevenths interest which the court found to be the community property of David and Edith F. Coolin, the validity of the mortgage depends upon the force and effect of the purported acknowledgment. In *Hughes v. Latour Creek R. R. Co.,* 30 Ida. 475, 166 Pac. 219, this court held, construing the provisions of Rev. Codes, sec. 3106, which was in force at the time the mortgage in question was given, that an instrument purporting to convey or encumber community property occupied as a residence,

or any interest therein, in which the wife does not join, is void, and in *Myers v. Eby,* 33 Ida. 266, 193 Pac. 77, it was held that, "Under Rev. Codes, sec. 3106, an acknowledgment by the wife as provided by law was essential to the validity of the mortgage" of community property occupied as a residence.

As already noted, the purported acknowledgment upon the mortgage in question was taken by P. C. Shine, the mortgagee designated therein. Although there is some slight conflict in the authorities, the great weight of authority supports what seems to us the true rule, that an officer who is a party to an instrument is disqualified to take the acknowledgment, and that an acknowledgment before the grantee or mortgagee named in a deed or mortgage is void. (*Rothschild v. Daugher,* 85 Tex. 332, 34 Am. St. 811, 20 S. W. 142, 16 L. R. A. 719, and note; *Havemeyer v. Dahn,* 48 Neb. 536, 58 Am. St. 706, 67 N. W. 489, 33 L. R. A. 332, and note; *Ardmore Nat. Bank v. Briggs Machinery & S. Co.,* 20 Okl. 427, 129 Am. St. 747, 94 Pac. 533, 16 Ann. Cas. 133, 23 L. R. A., N. S., 1074, and note; *Southern Iron & Equipment Co. v. Voyles,* 138 Ga. 258, Ann. Cas. 1913D, 369, 75 S. E. 248, 41 L. R. A., N. S., 375, and note.) The cases holding to the contrary do so upon the theory that the taking of an acknowledgment is a purely ministerial act. The authorities, however, are generally to the effect, and this court has held in *Myers v. Eby, supra,* that the taking of an acknowledgment is a *quasi*-judicial act.

Appellant has sought to overcome the force of this rule by a plea of estoppel, but upon the question of estoppel the court found that:

"No concealment or misrepresentation was made by McLean or by Edith F. Coolin (now Lythman) either to Knudsen or his attorney. The purchase of the note and mortgage by Knudsen though initiated by friendship was subjected to the same precaution he would have taken in case of a stranger."

This finding is supported by the evidence and negatives any question of estoppel.

Appellant has also sought to avoid the consequences of the rule by the fact that this mortgage was executed in the state of Washington. This contention is wholly without merit, for it is settled law that every instrument affecting the title to real property is subject exclusively to the laws of the state or government within whose jurisdiction the real property is situated. (*Hannah v. Vensel,* 19 Ida. 796, 116 Pac. 115.)

The judgment should be so modified that it will decree the mortgage to be a lien also upon the undivided one-seventh interest in the property which the court found to be the separate property of respondent Edith F. Lythman. As so modified the judgment will be affirmed. Costs are awarded to appellant.

Morgan, C. J., and Rice, J., concur.