SOUTHERN STATE BANK v. C. F. SUMNER AND WIFE, MINNIE SUMNER.

(Filed 21 May, 1924.)

**1. Actions—Suits—Equity—Cloud on Title—Statutes.**

C. S., 1473, giving the owner of lands the right to remove a cloud upon his title, is much broader in its scope and purpose than the equitable remedy theretofore allowed and administered in this State, and includes not only the right to remove an apparent lien under a docketed judgment, but also the potential claim of a wife to her inchoate right of dower in her husband's lands.

**2. Deeds and Conveyances—Acknowledgments—Husband and Wife—Married Women—Telephones.**

C. S., 997, providing the proper mode of conveyance of real property by husband and wife of his lands, tenements and hereditaments, contemplates that the acknowledgment and the privy examination of the wife provided for shall be made in the presence of the officer, which is emphasized by sections 3323 and 3324, as to acknowledgments of grantors and married women; and such acknowledgment, taken of the wife over a telephone, does not meet the statutory requirements, and renders the conveyance invalid as to her.

APPEAL by defendant from *Ray, J.,* at November Term, 1923, of HENDERSON.

Civil action. Plaintiff having acquired title to ⅞ of a tract of land in Henderson County, institutes the present suit to remove certain clouds on his title, one arising by reason of a docketed judgment in favor of Steven Putney Shoe Company against defendant C. F. Sumner, and purporting to have been assigned for value to his wife and code-fendant, Minnie Sumner, and constituting an apparent lien on the property. The second, by reason of an inchoate right and claim to dower in said land as wife of C. F. Sumner.

It appeared that plaintiff's title rested on a foreclosure sale under a mortgage on the land by C. F. Sumner and wife, and this alleged cloud upon plaintiff's title is due to the fact that the acknowledgment and privy examination of *feme* defendant was taken by the notary over the telephone and not otherwise, this being testified to by both plaintiff and defendant's witnesses, and *feme* defendant objects to any judgment precluding her from asserting her dower right when and wherever same may have become consummate.

On an issue submitted as to the privy examination of *feme* defendant, the judge charged the jury in effect that if the acknowledgment and privy examination was had over the telephone the same was valid. Verdict on the issue for plaintiff, and thereupon the court entered judgment:

"And it also appearing from the pleading and from the verdict of the jury that the plaintiff is entitled to judgment against the defendant Minnie Sumner as to all matters involved in this action, it is therefore, on motion of T. J. Rickman and Shipman & Justice, counsel for plaintiff, ordered, adjudged and decreed that the plaintiff is the owner in fee simple of its alleged undivided seven-eighths interest in the land described in the complaint, free and discharged from any and all claims of said defendant; that the judgment and assignments thereon mentioned and referred to in the complaint as constituting a cloud upon the plaintiff's title, and that the alleged claim of an inchoate right of dower in said land set up by the defendant Minnie Sumner in her answer as constituting a cloud upon the plaintiff's title, be and they are hereby declared null and void and of no effect, and that the same be and they are hereby removed as clouds upon the plaintiff's title. It is further ordered and adjudged that the plaintiff recover its costs incurred in this action, to be taxed by the clerk."

From this judgment *feme* defendant excepted and appealed.

*T. J. Rickman and Shipman & Justice for plaintiff.*
*D. L. English and O. K. Bennett for defendant.*

HOKE, J. Our statute making provision for the quieting of titles, C. S., 1743, is much broader in its scope and purpose than the equitable

remedy as formerly allowed and administered in this jurisdiction. Speaking to the subject in *Satterwhite v. Gallagher,* 173 N. C., at p. 528, the Court said: "Having reference to the broad and inclusive language of the statute, the mischief complained of and the purpose sought to be accomplished, we are of opinion that the law, as its terms clearly import, was designed and intended to afford a remedy wherever one owns or has an estate or interest in real property, whether he is in or out of possession, and another wrongfully sets up a claim to an estate or interest therein which purports to affect adversely the estate or interest of the true owner, and which is reasonably calculated to burden and embarrass such owner in the full and proper enjoyment of his proprietary rights, including the right to dispose of the same at its fair market value. And it should and does extend to such adverse and wrongful claims whether in writing or parol, whenever a claim by parol, if established, could create an interest or estate in the property, as in case of a parol trust or a lease not required to be in writing. And it should be allowed, too, when existent records or written instruments reasonably present such a claim, the statute preventing all hardship in such cases by its provision that if the holder does not insist on the same in his answer or does not answer at all, the plaintiff shall pay the costs."

Under this construction the remedy sought would extend to and include the causes for relief set up in the complaint, both the apparent liens arising from a docketed judgment and the potential claim of the *feme* defendant to her inchoate right of dower.

As to the first, there is no denial in the answer as to the existence of the docketed judgment, its payment, and the other pertinent facts concerning it set forth in plaintiff's verified complaint, and the judgment for plaintiff as to that claim is affirmed. On the second claim, however, we are of opinion that the objection made by the *feme* defendant and insisted on in this appeal is well taken, and must hold that on the evidence as submitted by both plaintiff and defendant there has been no proper acknowledgment or privy examination as to the execution of the mortgage deed on the part of the appellant. The statute making provision for the proper mode of conveyances of real property by a husband and wife: "Her lands, tenements and hereditaments," C. S., 997, both in its terms and purpose, clearly contemplates that the acknowledgment provided for and the privy examination of the wife shall be had in the personal presence of the officer, and that therefore such acknowledgment over the telephone will not suffice. If any doubt could exist from a perusal of the section referred to it is put to rest by the further provisions of the statute, sections 3323, 3324, in terms as follows (C. S., 3323): "Where the instrument is acknowledged by the grantor or maker, the form of acknowledgment shall be in substance

as follows: I (here give the name of the official and title) do hereby certify that (here give the name of the grantor) personally appeared before me this day and acknowledged the execution of the foregoing instrument," etc. And section 3324: "When an instrument purports to be signed by a married woman, the form of the certificate of acknowledgment and private examination before any officer authorized to take the same shall be in substance as follows: I (here give name and title of officer) do hereby certify that (here give name of the married woman), wife of (here give name of husband), personally appeared before me this day and acknowledged the due execution of the foregoing instrument, and the said (give name of married woman), being by me privately examined, separate and apart from her said husband, touching her voluntary execution of same, doth state that she signed the same freely and voluntarily, without fear or compulsion of her husband or any other person, and that she does still voluntarily assent thereto."

No officer could lawfully and truthfully make such a certificate in form or substance except on an official and personal interview with the wife, separate and apart from her husband, and the attempted examination over the telephone must be held a nullity. The decided weight of authority also is in support of the position. *Myers v. Eli,* 193 Pacific, 77 (Idaho); 12 Am. Law Rep., p. 535; *Hutchinson v. Stone,* 89 Southern, 151 (Florida); *Roach v. Francisco,* 138 Tenn., 357; *Wester v. Hart,* 123 Tenn., 357.

There was error, therefore, in the ruling that the acknowledgment and privy examination taken over the telephone is valid, and on the facts as now presented there should be a judgment against the plaintiff as to the appellant's inchoate right of dower. The *feme* defendant is entitled to a new trial, and the costs of the appeal will be taxed against the plaintiff.

New trial.