(No. 4748.  August 1, 1927.)

KANSAS CITY LIFE INSURANCE COMPANY, a Corporation, Respondent, v. WILLIAM C. HARROUN and ELLA HARROUN, His Wife; J. E. HARROUN and JOSEPHINE HARROUN, His Wife; and W. D. WARREN and MAGGIE WARREN, His Wife, Appellants.

[258 Pac. 929.]

ACKNOWLEDGMENT—MORTGAGORS' TESTIMONY INSUFFICIENT—HUSBAND AND WIFE—RIGHTS OF MARRIED WOMEN—ESTOPPEL.

1. The testimony of mortgagors, standing alone, is insufficient to overcome the regular certificate of acknowledgment attached thereto.

2. Though rights of married women be involved, estoppel may be enforced.

3. Where husband and wife sign mortgage, and they or their agent cause or permit a false acknowledgment to be placed on it, and one not a party to procuring the false certificate and with-

out notice of its falsity for fair consideration takes the mortgage, relying on its verity, the makers are estopped to dispute its verity; and this though the mortgage was of community real estate, which C. S., sec. 4666 provides husband cannot encumber, unless wife join with him in executing and acknowledging the instrument.

APPEAL from the District Court of the Eleventh Judicial District, for Cassia County. Hon. T. Bailey Lee, Judge.

Suit to foreclose mortgages. Judgment for plaintiff. *Affirmed.*

T. M. Morris and Hawley & Hawley, for Appellants.

The mortgages are void and unenforceable because all of the property subjected to their terms was the community property of William C. Harroun and Ella Harroun, his wife, and neither acknowledged the mortgages. "Execution" means "signing and delivering." (*Tucker v. Helgren,* 102 Minn. 382, 113 N. W. 912; *David v. Whitehead,* 13 Wyo. 189, 79 Pac. 19, 923; *Hayes v. Ammon,* 90 App. Div. 604, 85 N. Y. Supp. 607; 3 Words & Phrases, 1st ed., p. 2558; 2 Words & Phrases, 2d ed., p. 378.)

Without acknowledgment the mortgages are null and void. (*McKinney v. Merritt,* 35 Ida. 600, 208 Pac. 244; *Fargo v. Bennett,* 35 Ida. 359, 206 Pac. 692; *Hughes v. Latour Creek R. R. Co.,* 30 Ida. 475, 166 Pac. 219; *Myers v. Eby,* 33 Ida. 266, 12 A. L. R. 535, 193 Pac. 77; *Knudsen v. Lythman,* 33 Ida. 794, 200 Pac. 130; Sess. Laws 1865, p. 528; Sess. Laws 1867, p. 66; Sess. Laws 1885, p. 137; Sess. Laws 1913,

Publisher's Note.
1. Evidence to impeach an acknowledgment, see notes in 7 Ann. Cas. 249; Ann. Cas. 1917A, 368; 6 L. R. A., N. S., 442; 41 L. R. A., N. S., 1161. See, also, 1 R. C. L. 299.
3. See 1 R. C. L. 307.

See Acknowledgments, 1 C. J., sec. 272, p. 892, n. 32; sec. 286, p. 899, n. 74.
Estoppel, 21 C. J., sec. 175, p. 1169, n. 58; sec. 212, p. 1210, n. 81.
Husband and Wife, 30 C. J., sec. 398, p. 773, n. 37.

p. 425; Sess. Laws 1915, p. 187; R. S., secs. 2505, 2921, 2922, 2956–2960.)

The appellants Harroun were not for any reason estopped from showing the true facts, and by the truth establishing that the purported mortgages were void *ab initio.* (10 R. C. L. 742; 21 C. J. 1118; *Maxwell v. Bay City Bridge Co.,* 41 Mich. 453, 2 N. W. 639; 21 C. J. 1118, 1129, 1132, 1139, 1173; *Cahoon v. Seger,* 31 Ida. 101, 168 Pac. 441; *Grice v. Woodworth,* 10 Ida. 459, 109 Am. St. 214, 80 Pac. 912, 69 L. R. A. 584; *Seat v. Quarles,* 31 Ida. 212, 169 Pac. 1167; *Wilkins v. Lewis,* 78 Fla. 78, 82 So. 762; 10 R. C. L. 845.)

S. T. Lowe, for Respondent.

Where a purchaser has in good faith relied on a certificate of a married woman's acknowledgment, regular on its face, she cannot avoid her deed by showing fraud or coercion on the part of her husband, or misconduct on the part of the officer who took the acknowledgment. (1 C. J., p. 892, sec. 272; *Webb v. Burney,* 70 Tex. 322, 7 S. W. 841; *Stewart v. Miller* (Tex. Civ. App.), 271 S. W. 311; *Kerr v. Russell,* 69 Ill. 666, 18 Am. Rep. 634; *Christensen v. Hollingsworth,* 6 Ida. 94, 53 Pac. 271.)

The signing of the mortgages before a notary public constituted an acknowledgment of the mortgages, for the certificate of acknowledgment is not an essential part of the mortgages. (*Bunnell & Eno Inv. Co. v. Curtis,* 5 Ida. 652, 51 Pac. 767; 1 C. J., p. 827, sec. 156; *Wedel v. Herman,* 59 Cal. 507.)

The appellants are estopped to question the validity of the mortgages. (*Lane v. Pacific I. & N. R. Co.,* 8 Ida. 230, 67 Pac. 656; *Grice v. Woodworth,* 10 Ida. 459, 109 Am. St. 214, 80 Pac. 912, 69 L. R. A. 584; *Exchange State Bank v. Taber,* 26 Ida. 723, 145 Pac. 1090; *Leaf v. Reynolds,* 34 Ida. 643, 203 Pac. 458.)

A married woman is estopped from denying her positive representations made to a mortgagee, who acting in good

faith and without notice is then induced to take a mortgage on her lands. (*Bailey v. Seymour*, 42 S. C. 322, 20 S. E. 62; *Hibernian Sav. Inst. v. Luhn*, 34 S. C. 175, 13 S. E. 357; *Long v. Crosson*, 119 Ind. 3, 21 N. E. 450, 4 L. R. A. 783; *Dobbin v. Cordiner*, 41 Minn. 165, 16 Am. St. 683, 42 N. W. 870, 4 L. R. A. 333.)

McNAUGHTON, Commissioner.—This is an action for the foreclosure of two real estate mortgages. At the time the mortgages were signed the real estate covered by them was the community property of appellants, William C. Harroun and Ella Harroun. The other appellants acquired interest in the land subsequently. Appellant, William C. Harroun, is now deceased and the administrator has been substituted. Respondent, plaintiff in the district court, is the assignee of the mortgagees.

From the record, it appears that E. Curtis Warren, who was president of the First National Bank of Burley, and son-in-law of the Harrouns, several months prior to September 14, 1920, had made arrangements with the Home Trust & Savings Company of Salt Lake City for the loan to the Harrouns of the $8,000, to be secured by mortgages on the premises in question. There were no misunderstandings in the matter and everything was agreeable and regular excepting the execution of the loan papers.

The Harrouns lived in the country. The notes and mortgages in question were handed to them for execution by their son, J. E. Harroun, who had brought them out. The notes and mortgages were signed in the presence of R. D. Waltermire, an employee in Warren's bank, who accompanied J. E. Harroun there. Waltermire was a notary public but he did not certify the acknowledgments. After the notes and mortgages were signed they were returned to E. Curtis Warren, and Arnold E. Smith, who was cashier in the bank, affixed his certificate of acknowledgment to them and they were thereupon filed for record in the office of the county recorder by E. Curtis Warren. After receiving them back from the recorder, he forwarded them with abstracts of

title to the Home Trust & Savings Company, at Salt Lake City. They were regular in every particular of form and were accepted by the savings company without notice of any irregularity concerning the acknowledgment, and the $8,000 was sent to Warren for William C. and Ella Harroun. The assignee bought without notice of any defect. The Harrouns paid the interest and recognized the mortgages as valid without any complaint or claim of irregularity until after foreclosure was begun. In fact, the defendant, Ella Harroun, paid the mortgagee the interest with her own check, and directed that all future interest notices be sent her personally, inasmuch as, her husband and son being often absent from home, she desired such matters promptly disposed of.

As a defense, the appellants allege that the real estate is community property and that they did not appear before or make acknowledgment to the notary whose certificate is upon each of the instruments; and claim avoidance under C. S., sec. 4666.

Judgment was for plaintiff. In the appeal, appellants make forty-eight assignments of error questioning the acceptance of certain evidence, principally the correspondence between E. Curtis Warren and the Home Trust & Savings Company, and certain findings of fact and conclusions of the court. All of these are fortified by C. S., sec. 4666, which it is claimed affords an absolute defense, and which reads as follows:

"The husband has the management and control of the community property, except the earnings of the wife for her personal services and the rents and profits of her separate estate. But he cannot sell, convey or encumber the community real estate unless the wife join with him in executing and acknowledging the deed or other instrument of conveyance by which the real estate is sold, conveyed or encumbered."

Defendants cite a number of cases wherein, pursuant to this section, this court has held invalid instruments purporting to convey or encumber the community property of a

husband and wife, not signed and acknowledged by both. (*Hughes v. Latour Creek R. R. Co.,* 30 Ida. 475, 166 Pac. 219; *Myers v. Eby,* 33 Ida. 266, 12 A. L. R. 535, 193 Pac. 77; *Knudsen v. Lythman,* 33 Ida. 794, 200 Pac. 130; *Childs v. Reed,* 34 Ida. 450, 202 Pac. 685; *Fargo v. Bennett,* 35 Ida. 359, 206 Pac. 692; *McKinney v. Merritt,* 35 Ida. 600, 208 Pac. 244; *Hart v. Turner,* 39 Ida. 50, 226 Pac. 282.)

Of these cases, only the case of *Myers v. Eby* involved the impeachment of an acknowledgment fair on its face. In all the others the parties were standing on or defending against instruments which either were not signed by both parties or if signed did not bear the acknowledgment of both parties. In the Myers case, the court held the instrument invalid because the acknowledgment was taken over a telephone, but the court distinguished it from the rule in cases where parties for consideration and without fault or notice were involved.

[1] We fail to find in the transcript any evidence, save the testimony of the mortgagors themselves, tending to support their denial of the acknowledgments. Though the authorities elsewhere are not uniformly in accord (1 C. J. 899, sec. 286), it is settled in this state that the testimony of the grantors in an instrument, standing alone, is insufficient to overcome the recitals of a regular certificate of acknowledgment attached to the instrument. (*Bruce v. Frame,* 39 Ida. 29, 225 Pac. 1024; *Gray v. Law,* 6 Ida. 559, 96 Am. St. 280, 57 Pac. 435.) Respondents do not, however, raise this point.

In this case, plaintiff pleads an estoppel. The trial judge held the real estate community property and that the mortgages had not been acknowledged as required by law, but held that inasmuch as the certificates were fair on their face, though false, the plaintiff and its predecessors being innocent purchasers for a full consideration without notice, the defendants, by reason of their acts and the acts and conduct of their agent, were estopped from showing and relying upon the falsity.

We find that courts in considering this statute or similar statutes, which obtain in practically every state in the Union, accord reasonable intent to the legislature in enacting them.   In applying the statute no fast and arbitrary rule is adopted, regardless of its effect in the case at issue or upon titles or business intercourse.   The manifest purpose of these statutes is to protect married women against fraud and imposition by their husbands and others.   The statute has been so considered in this state and rigidly enforced in that behalf.   But while it is looked upon as a shield to protect her against fraud and imposition, it was never meant to operate as an instrument for use in perpetrating fraud or imposition on others.

[2]   Appellant contends that estoppel should not be imposed in cases wherein the rights of married women are involved and some of the earlier cases seem to sustain this rule, but in view of the enabling acts in the different states during recent years, quite materially changing the status of married women with reference to contract rights and powers, the reason for the rule has disappeared and it has been repudiated in this state: *Grice v. Woodworth,* 10 Ida. 459, 109 Am. St. 214, 80 Pac. 912, 69 L. R. A. 584.   There are many decisions holding that falsity of a certificate of acknowledgment can be shown only upon allegation and proof of fraud or imposition having been practiced upon the grantor.   (4 Thompson on Real Property, sec. 3841; 1 Jones on Mortgages, 7th ed., sec. 500.)

In this case, appellants do not complain that the acknowledgments which were placed upon the instruments constituted a fraud or imposition upon them.   Indeed, from the record it clearly appears that they did not; but whether the mortgagors intended to defraud or not, to allow appellants' contention would sanction fraud and imposition upon the mortgagees under the shield of C. S., sec. 4666.

[3]   The court found, and the finding is fully sustained by the facts and circumstances in evidence, that Warren was the agent of the parties procuring the loan; that he, in furtherance of their desire to procure the loan, caused

the acknowledgments to be placed upon the mortgages, had them recorded, and sent them to the loan company and procured the money for the mortgagors. The fabricated acknowledgments were their acts. Under such circumstances, the court ruled they were estopped in equity from impeaching it. The ruling is well within the principle of *Grice v. Woodworth, supra.*

We submit that where a husband and wife sign a mortgage and they or their agent cause or permit a false acknowledgment to be placed upon it, and one not a party to procuring the false certificate and without notice of its false procurement for a fair consideration takes the instrument relying upon its verity, the makers in good conscience ought to be and in equity are estopped from disputing its verity. (4 Thompson on Real Property, sec. 3841; 1 Cyc. 891; Jones on Mortgages, 7th ed., sec. 500; *Banning v. Banning,* 80 Cal. 271, 13 Am. St. 156, 22 Pac. 210; *Shelton v. Aultman & Taylor Co.,* 82 Ala. 315, 8 So. 232; *Russell v. Baptist Theo. Union,* 73 Ill. 337.)

We recommend that the judgment be affirmed, with costs to respondent.

Varian and Brinck, CC., concur.

The foregoing is adopted as the opinion of the court and the judgment is affirmed, with costs to respondent.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.